# Beard v. Johnson.

*Statutory Action in nature of Ejectment.*

1. *Homestead exemption in lands of husband and wife.*—Where the family homestead is on the lands of the wife, less in quantity than is allowed by law (Code, 1876, § 2820), the husband can not assert a claim of homestead in an adjoining tract belonging to himself, part of which he cultivates, the two tracts together containing more than 160 acres.

[Beard v. Johnson.]

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by John M. Beard, against Needham G. Johnson, to recover the possession of a tract of land containing 120 acres; and was commenced on the 31st August, 1887. The plaintiff claimed the land as purchaser at a sale under a power in a mortgage executed by the defendant and his wife to J. C. Henderson; and he offered in evidence the mortgage, with its several assignments, and the deed to himself as the purchaser at the sale. The mortgage was dated October 28th, 1884; and the bill of exceptions states that it "was not acknowledged by the defendant's wife, separate and apart from him, and had no certificate to that effect upon it." The defendant then testified, in his own behalf, "that he was a married man at the time said mortgage was executed, and the land conveyed by it was all the land he then owned; that he used and cultivated said land in making a support for himself and family; that he had rented out the cleared land, except about eight acres, which he himself was cultivating, and the same was then in possession of his renter; that said land adjoined a sixty-acre tract belonging to his wife, upon which he and his family resided; that he lived on the forty acres of her land which adjoined the land here sued for, and the other twenty acres belonging to her adjoined said forty; that at the time said mortgage was executed his renter was in possession of the land sued for, except the eight acres mentioned above; that he rented the lands sued for the year before the mortgage was executed, and the year afterwards, but took possession of it once each year. This being all the evidence, the court charged the jury, on request, that they must find for the defendant, if they believed the evidence." The plaintiff excepted to this charge, and he here assigns it as error.

H. L. MARTIN, for appellant, cited *DeGraffenreid v. Clark*, 75 Ala. 425; 71 Ala. 140.

W. D. ROBERTS, *contra*.

STONE, C. J.—Our statute, unlike former legislation in this State, and unlike the statutes in many other States, does not confine the exemption of the homestead to the head of the family. Section 2507 of the Code of 1886, following the provision of our constitution, secures this right "to every

resident of this State." The plaintiff in this action, Beard, claims the land in controversy, as purchaser at mortgage sale, the mortgage executed by Johnson and wife in 1884. That mortgage was executed, acknowledged and certified, in sufficient form to convey lands not a homestead, but not sufficient to convey the homestead. The sole question in this case is, whether the claim of homestead exemption, set up by Johnson in the court below, was a bar to the action. The trial court held that it was.

The Code of 1886 went into effect December 25, 1887. Section 2507 of that Code stands in the place of section 2820 of the Code of 1876. The language of the later compilation differs from the former one, and from the provision of the constitution. Under the former, the phrase "owned and occupied by any resident of this State," is expressed as one of the conditions of exemption. These words are omitted from section 2507 of the Code of 1886. Whether this omission requires us to give to the language a different interpretation as to occupancy, or whether the word "homestead," and other words found in that section and in sections 2539 and 2544, Code of 1886, are tantamount to the adjective "occupied," we need not inquire in this case. It is possible, if not probable, that the phrase was omitted, because it was considered superfluous. Homestead, *ex vi termini*, means the family seat or mansion. The source of Beard's title being anterior to the adoption of the Code of 1886, the issue in this case must be determined by the terms of the Code of 1876, § 2820.

As we have said, the headship of a family, under our statute, is not made a condition of the right of homestead exemption. Hence, in *Bender v. Meyer*, 55 Ala. 576, we decided that, in a proceeding under our former statute, to subject the statutory separate estate of the wife to the payment of a debt for articles of comfort and support of the household, she could successfully claim her homestead exemption. In this case, the homestead was on lands of her statutory separate estate.—*Weiner v. Sterling*, 61 Ala. 98.

It is manifest that ownership, entire or partial, in fee or for a term, is one of the essentials of rightful claim of homestead exemption. If there is no ownership, there is no liability to execution, and no occasion, or field of operation, for the claim of exemption. And there can not, at one and the same time, "be two separate valid homestead claims, the one by the husband, and the other by the wife."—Smyth's

Law of Homesteads, § 157. The debt being against one, and not against the other, it is clear that only the property of the one whose debt is sought to be enforced, can be the subject of the claim of exemption, and only the one owing the debt can assert the claim. To come within the statute, the debt sought to be enforced must be one to which the property, in the absence of the exemption, would be subject. And husband and wife can not unite in the claim of exemption, unless, possibly, the execution is for the collection of a joint debt of the two. On this proposition we decide nothing.

In the case before us, the homestead, or family residence, was on the lands of the wife. The husband owned adjoining lands, cultivated a portion of them in connection with his wife's tract, and put the residue to rent, by annual lettings. The two tracts combined were twenty acres in excess of the greatest quantity allowed as an exempt homestead—one hundred and sixty acres. The wife's land was the homestead, and, if claimed, was clearly exempt from any debt due by her. She owned it, and, together with the family, occupied it. We think it is manifestly against both the letter and spirit of the law, that the two holdings, being not in common, but by different persons, should be tacked, the one to the other, and thus become an individual homestead, claimable by either. She, owning, and, together with the family, occupying the homestead proper—the land on which they resided—was, without doubt, entitled to claim its exemption from debts. This disabled him, so long as that ownership and occupancy lasted, to assert homestead in other lands, on which the family did not reside.

This ruling must not be understood as at all conflicting with the decisions in *Tyler v. Jewett*, 82 Ala. 93, and *Dicus v. Hall*, 83 Ala. 159. In each of those cases, the ownership relied on was in one and the same person. In the first named of the cases, one part of the realty claimed was freehold, and the other leasehold; a mere difference in the quantity of the estate the occupant owned. In the other, the only question was, whether the detached parcels of land, collectively not in excess of the limit, could be set apart as exempt, when they were shown to have been owned and occupied by the same person, as one and the same homestead and direct source of family support.

If the sale under the mortgage was regular, and a conveyance made to the purchaser (these are not questioned in the present appeal), the plaintiff was entitled to recover.

Reversed and remanded.