# Emrich *v.* Gilbert Manufacturing Co.

*Contest of Claim of Homestead Exemptions.*

1. *Contest of claim of homestead exemptions; when demurrer and motion properly overruled.*—When the affidavit for a contest of a claim of homestead exemptions is conceded by the claimant to contain one unassailable ground, a motion to strike

[Emrich v. Gilbert Manufacturing Co.]

such contest from the file, or a demurrer to such contest which challenges the affidavit of contest in its entirety, is properly overruled.

2. *Same; when proper diligence shown.*—Where, after the levy of an execution upon land, the defendant files his claim of homestead exemption thereto, and the plaintiff in execution interposes, within the time allowed by the statute, a contest of such claim, and the contest is tried at the first term of the court after the return of the execution, there is not shown a want of diligence on the part of the contestant in the prosecution of the contest of the claim of exemptions, so as to authorize the quashing of the levy of the execution.

3. *Pleading and practice; adjourned term of the court continuation of regular term.*—An adjourned term of a court is not a new term, but is a mere continuation of the regular term of the court at which the adjourned term was ordered.

4. *Contest of claim of homestead exemption; form of issue.*—The form of the issue on a contest of the claim of homestead exemptions is largely within the discretion of the trial court, and is not subject to demurrer or governed by the rules of formal pleading; and and issue presented is sufficient if it is broad enough to admit any competent evidence tending to show whether the property in contest, or any, or what part of it is exempt as claimed.

5. *Partition of lands; effect as to transferring lien.*—A fair and equal partition of lands by mutual agreement and exchange of deeds between tenants in common will operate to transfer a lien or incumbrance which may exist upon an undivided share or interest of one of the co-tenants to the share or interest allotted in severalty by the partition to such co-tenant; and this is true, although the lien-holder or incumbrancer is not a party to the transaction.

6. *Partition of lands; effect as to transferring lien; homestead exemption*—Where the defendant in a judgment, a certificate of which has been recorded in the office of the judge of probate, owns as tenant in common an undivided one-third interest in property which is subject to the lien of said judgment, and subsequent to the filing of the certificate of said judgment in the office of the probate judge there is a partition between him and his two co-tenants of the land owned in common by them, whereby his co-tenants conveyed to him by deed their undivided interest in the lot which is used by him as a part of his homestead, in exchange for his undivided interest in the property to which the lien of the judgment had attached, the portion of the property so acquired from his co-tenants, although constituting a part of his homestead, is sub-

[Emrich v. Gilbert Manufacturing Co.]

ject to the lien of said judgment; the partition having the effect of transferring the lien which had attached to the other property owned in common to the share allotted to him in severalty.

7. *Contest of homestead exemptions; question as to when property became the homestead.*—In the contest of a claim of homestead exemptions, where it is shown that upon the recovery of judgment the plaintiff filed a certificate thereof in the office of the judge of probate, and sometime thereafter an execution upon said judgment was issued, which was levied upon the property claimed as a homestead, and one of the issues presented is that the defendant was not entitled to claim the property levied upon as a homestead, the inquiry in such issue is whether the lot levied upon was used as a part of the homestead at the date when the lien of the judgment attached, by reason of the filing of the certificate, and not whether the lot so levied upon was his homestead at the date of the levy of the execution.

8. *Contest fo claim of exemptions; admissibility in evidence of certificate of judgment.*—Where, after the filing of a certificate of a judgment in the office of the judge of probate, an execution upon said judgment is issued and levied upon property of the defendant therein, who interposes a claim of homestead exemptions, which is contested by the plaintiff, on the trial of such contest of. homestead exemptions, the certificate of the judgment which was filed in the office of the judge of probate is material and relevant to the issues involved; and the objection to the introduction in evidence of such certificate, upon the ground that is immaterial and irrelevant, is properly overruled.

9. *Same; same.*—In such a case, after the introduction in evidence of such certificate of the judgment, a motion to exclude said certificate "because it is shown that it is not a part of the files of the probate office," is properly overruled; the statute not requiring that the certificate of the judgment should remain on file or among the papers in the office of the judge of probate.

10. *Same; inadmissibility of judgment.*—In such a case, the judgment recovered by the plaintiff in the suit against the defendant, is admissible in evidence.

11. *Contest of homestead exemptions; charge of court to jury.*—On the trial of a contest of homestead exemptions, where one of the issues presented is affirmatively sustained by the evidence, a charge requested by the plaintiff instructing the

[Emrich v. Gilbert Manufacturing Co.]

jury that if they believe the evidence they must find for the plaintiff on such issue is properly given.

12. *Same; same.*—In the contest of a claim of homestead exemptions, where one of the issues is that the property claimed as exempt exceeds in value two thousand dollars, the question as to whether or not the property involved did exceed two thousand dollars is one for the determination of the jury.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellee, the Gilbert Manufacturing Company, recovered against the appellant, John Philip Emrich, a judgment in the Mobile circuit court for $373.50 and costs, on June 21, 1898. On June 28th, 1898, a certificate of the judgment was filed and registered in the office of the judge of probate of said county, in accordance with section 1920 of the Code of 1896. At that date the defendant, J. P. Emrich, Lula Emrich Gillingham and Emma Emrich Schumacher owned jointly and equally as tenants in common, three pieces of property situate in the city of Mobile, to-wit, a house and lot on the west side of Scott street, second north of Charleston street, the south half of the lot on the west side of Scott street, third north of Charleston street, and a lot on the southwest corner of Bayou and Elmira streets, all of which they had inherited from their father. These three co-tenants acquired said property as the only heirs of John P. Emrich, Sr., deceased. Before his death John P. Emrich, Sr., had conveyed to defendant, John P. Emrich, Jr., the north half of the lot on the west side of Scott street third north of Charleston street, and defendant was then and is now living on this north half. Nearly two years after the registration of plaintiff's judgment, to-wit, May 14th, 1900, these three heirs divided the property and exchanged deeds whereby the lot on the west side of Scott street second north of Charleston street was conveyed to Mrs. Gillingham, the south half of the lot on the west side of Scott street third north of Charleston street was conveyed to defendant John P. Emrich, and the lot at the southwest corner of Bayou and Elmira streets was conveyed to Mrs. Schumacher, the only consideration being the exchange of interest by and between the several co-tenants in the

partition. On June 27th, 1901, execution was levied upon the south half of the lot situate on the west side of Scott street, third north of Charleston street; this south half of said lot being that which was owned jointly by the three Emrich heirs at the time said judgment was rendered and the certificate registered, and for nearly two years thereafter. Defendant filed with the sheriff his claim of homestead exemption in the whole lot, which included the south half thereof upon which the levy had been made.

The plaintiff, through one of its attorneys, filed an affidavit of contest of claim of exemptions interposed by the defendant. In this affidavit of contest the affiant stated upon oath that in his belief "said claim is invalid in that it claims the property levied upon as a part of defendant's homestead, and affiant believes that it is not used and occupied as defendant's homestead; further, that if it is now so used and occupied, that prior to such use, it was subject to a lien in behalf of plaintiff's judgment, and is now subject thereto. Affiant further says that he believes that the property described in the claim of exemption exceeds in value two thousand dollars, and that the portion levied upon can be separated from defendant's homestead proper and is subject to this levy."

The defendant moved to quash the execution and to strike from the file the contest of claim of exceptions, upon the grounds, that no such affidavit of contest of the claim of exemptions has been filed by the plaintiff as required by statute; and, because the contest does not comply with the requirements of the statute authorizing a contest of the claim of exemptions. Each of these motions was overruled. Thereupon the defendant demurred "to the affidavit filed in this cause by the plaintiff contesting defendant's claim of exemptions," assigning many grounds for said demurrer. This demurrer was overruled. These rulings were had at a term of the court which adjourned on February 1, 1902. On said 1st day of February, 1902, which was the last day of the term of the court, an adjourned term was ordered by the court on account of the congested condi-

tion of the docket, and all the causes then pending in said court were continued under a general order of continuance. The adjourned term of the court commenced on February 17, 1902. On February 6, 1902, the defendant filed a written motion for judgment against the plaintiff for the costs of levy and contest, and to have the property levied upon released. This motion, upon being heard at the adjourned term of the court was overruled. At the adjourned term of the court the plaintiff tendered, under the direction of the court, four issues, the substance of which is sufficiently shown in the opinion.

The defendant objected to each of the issues tendered by the plaintiff numbered 1, 3 and 4, separately. The court overruled each objection and to each of these rulings the defendant separately excepted.

The plaintiff introduced evidence tending to show the facts as above set out, and introduced further evidence tending to show that the property claimed by the defendant as a homestead was worth $2,500. The plaintiff also introduced in evidence the judgment recovered by it against the defendant. The defendant objected to the introduction of this judgment in evidence upon the ground that it was immaterial and irrelevant, and duly excepted to the court overruling its objection.

The plaintiff introduced in evidence the certificate of judgment issued by the clerk of the circuit court of Mobile county, wherein the judgment was recovered, which was filed for record in the office of the judge of probate. It was shown by the testimony of the clerk in the office of the judge of probate that said certificate had been filed in said office and had been recorded in the book kept for such purposes. Upon the examination of said clerk it was shown that the certificate which was introduced in evidence was not taken from the office of the judge of probate and was not on file in that office. Thereupon the defendant moved to exclude the certificate, "because it is shown that it is not a portion of the files of the judge of probate's office." The court overruled this motion, and the defendant duly excepted.

The defendant introduced evidence tending to show that he was occupying the lot which had been levied on,

together with the adjoining lot, as a homestead, and was so occupying it at the date of the levy of the execution, and that the two lots together which were occupied by him as a homestead, were not worth exceeding $2,000.

Upon the introduction of the evidence the court at the request of the plaintiff gave to the jury the following written charges: (1.) "I charge you that if you believe the evidence you must find for the plaintiff on the fourth issue in this case." (2.) "If the jury believe from the evidence that the whole property exceeds $2,000 in value they will find the second issue for the plaintiff."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe from all the evidence that the homestead as claimed by the defendant does not exceed in value $2,000 they must find a verdict for the defendant." (2.) "If the jury believe from all the evidence that the land levied upon under the execution is part of the homestead of the defendant they must find for the defendant." (3.) "If the jury believe from all the evidence that the property levied upon was used and occupied as a homestead when the execution in this case was levied, they must find a verdict for the defendant." (4.) "If the jury believe from all the evidence that the property claimed as exempt does not exceed in value $2,000 they must find a verdict for the defendant." (5.) "If the jury believe all the evidence, they must find a verdict for the defendant on the issue numbered four.

The jury, by its verdict, found the 1st and 3d issues in favor of the defendant, and the 2d and 4th issues for the plaintiff. Thereupon judgment was rendered declaring the plaintiff was entitled to a lien upon an undivided 2-3 interest in the property levied on under the execution in said cause, and ordering that the same be sold for the satisfaction of plaintiff's judgment, upon which said execution was issued. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

FRED'K G. BROMBERG, for appellant.—An undivided third interest in a lot may be claimed as a part of the

homestead and exempt. Any estate whatever of value not exceeding $2,000 is the subject of a valid claim of exemption as homestead.—*Tyler v. Jewett,* 82 Ala. 99; *Griffin v. Chattanooga R. R. Co.,* 127 Ala. 572; *Marx v. Threet,* 131 Ala. 340.

And under the statute such claim is superior to all liens other than vendor's liens and material men's liens, if not expressly waived.—*Steiner v. Berney,* 130 Ala. 289.

As was said by Chief Justice BRICKELL, in the case of *Block v. George,* 70 Ala. 411, "The contestation of a claim of exemption is strictly statutory and summary. The courts are not authorized to entertain it, unless the requisitions of the statute from which authority to entertain it is derived, are strictly pursued. * * * Either party pursuing the statutory remedy, and claiming its benefits, *must be diligent—must observe the requirements of the statute.*"—*Tyler v. Jewett,* 82 Ala. 93; *Marx v. Threet,* 131 Ala. 340.

The case stood for trial at the first term, and no order of continuance was made in the cause, other than the general order made at the close of the term, continuing all motions. The statute requires the contestant to be diligent.—*Block v. George,* 70 Ala. 409.

The purpose of the statute is to furnish a speedy and summary remedy for the determination of such contest. *Beckert v. Whitlock,* 83 Ala. 129.

The charge requested by the appellant that if the jury believe from all the evidence that the land levied upon is part of the homestead of the appellant, they must find for the appellant, should have been given. The appellee had no right to levy upon a part of the homestead. He should have levied upon the whole.—*Marx v. Threet,* 131 Ala. 340.

It was error to admit in evidence the original judgment in this cause, because it was immaterial and irrelevant.—*Kelly v. Edmundson,* 105 Ala. 619; *Wright v. Jones,* 103 Ala. 539.

N. E. STALLWORTH and W. B. INGE, *contra.*—This contest was tried at an adjourned term of the first regular term after the return of process. This was a trial

at the first term.—Code, § 917 and authorities cited; *Beckert v. Whitlock,* 83 Ala. 123.

Upon a partition between the defendant and his co-tenants, plaintiff's lien upon the defendant's undivided one-third interest in the lots occupied by his cotenants, was transferred upon his co-tenant's one-third interest in the lot levied upon.—Code, § 3172 and authorities cited; 17 Amer. & Eng. Ency. of Law, (1st ed.), 676; 21 Amer. & Eng. Ency. of Law, (2d ed.), 1189.

The judgment was admissible in evidence.—*Nat. Fertilizer Co. v. Holland,* 107 Ala. 412; *Claflin v. Rodenburg,* 101 Ala. 213.

TYSON, J.—The affidavit of contest of claim of homestead exemptions, in this case, is conceded by appellant's counsel to contain one unassailable ground. The demurrer and motion interposed to it challenges it in its entirety. Each was, therefore, properly overruled.

The insistence that defendant's motion to quash the levy of the execution should have been granted for want of diligence on the part of the contestant in the prosecution of the contest of the claim of exemptions is not sustained by the record. The affidavit of contest was filed in time, and the cause was tried at the first term of the court after the return of the process.—Sections 2047 and 2052 of the Code.

An adjourned term of the court is a mere continuation of the regular term.—*Hundley v. Yonge,* 69 Ala. 89. The motion was properly denied.

The issues tendered by the plaintiff and upon which the case was tried were, first: That the lot in controversy was not used and occupied as a homestead when the execution was levied; second, that the value of the lot exceeds $2,000; third, that the plaintiff recovered a judgment against the defendant on the 21st day of June 1898, in the sum of $375.50 and $13.55 costs; and on the 28th day of June, 1898, a certificate of the clerk showing said judgment was filed and registered in the office of the judge of probate; at that time, defendant owned an undivided one-third interest in the lot levied on and an undivided one-third interest in two other separate lots

in the city of Mobile. None of said lots were used and occupied by defendant as his homestead at the time of said registration. Subsequent to said registration the defendant and his co-tenants partitioned said lots between them, and the defendant conveyed to his co-tenants his one-third interest in each of the other two lots and in consideration thereof, his two co-tenants each conveyed her one-third interest in the lot levied upon to the defendant. The 4th differs from the 3d only in the statement that neither of said lots other than the one levied upon was used and occupied by defendant as his homestead at the time of the registration of the certificate.

A general objection was interposed to the 1st, 3d and 4th issues, but no ground was stated. Indeed, we can see no possible available objection to either of them. They are entirely in accord with the averments of the affidavit of contest and practically present the same issues as are presented by it; in a more elaborate form it is true. And perhaps the 3d and 4th contain a particularity of statements, in detailing the facts upon which the contesant relies for a condemnation of the lot under the execution, greater than is necessary. But be this as it may, no possible injury or disadvantage could have resulted to the defendant. Besides the forming of the issue or issues is a matter largely in the sound discretion of the court under whose direction it is made up.—Section 2052 of the Code. "It is not intended to embarrass the proceeding by formal pleading, and an issue is sufficient if broad enough to admit any competent evidence tending to show whether the property in contest or any and what part of it is exempt as claimed." *Beckert v. Whitlock*, 83 Ala. 130.

The 4th issue, (the 3d being found in favor of the defendant, and, therefore, not necessary to be considered), as seems to be urged by appellant's counsel, did not present immaterial or irrelevant matter. On the facts averred, if properly proven, the plaintiff has clearly established its right to condemn a two-thirds undivided interest in the lot levied on. Before the partition was had, the defendant's right of homestead exemption only extended to his one-third undivided interest in this lot.

His one-third interest in the other two was clearly subject to the plaintiff's lien. In these lots he had no homestead rights. Could he by partition between himself and his co-proprietors enlarge his homestead rights by acquiring their interest in the lot in controversy? We think not. The rule on this subject, established by the great weight of authority, is that a partition, made without suit, provided it is fair, binds those holding incumbrances upon the undivided share of a tenant and has the effect of transferring the lien from the undivided share to the share allotted in severalty to the debtor tenant, although the lien holder is not a party.—Freeman on Cotenancy and Partition, § 415; 21 Am. & Eng. Ency. of Law, (2d ed.), p. 1189 and note 3.

Where the partition is a judicial proceeding the statute regulates it, and by express provision the lien is made a charge only on the share assigned to the debtor tenant.—Section 3172 of the Code.

It would be a gross injustice to bind the plaintiff in judgment by the partition, thereby transferring his lien to the lot held in severalty by defendant and destroying his right to condemn any part of the two lots held in severalty by the other parties to the division, and then allow the defendant to relieve the lot set apart to him of the lien by interposing his claim of homestead to it. The law does not tolerate such a result. The property allotted to him in the division, simply takes the place of his undivided share in the whole, subject to the same charge, incumbrance or lien that his individual share was subject to. And when, as here, a portion of the undivided property was not the homestead, the allotted share cannot, as against a lien holder, become a part of the homestead lot, although it adjoins it, at least to the extent of the shares of his co-tenants acquired under the partition.

The debtor tenant should not and can not be allowed to discharge a valid lien upon his undivided share by simply separating his share from his co-tenants.

Another theory of defendant, which is wholly untenable, seems to be that the issue should have been restricted to the enquiry whether the lot levied on was his homestead at the date of the levy of the execution, in

[Emrich v. Gilbert Manufacturing Co.]

stead of the date when the lien of the judgment attach-
ed. Indeed the leading idea, as shown by objection to
testimony and otherwise, seems to have been that be-
cause, since the partition and even before, the defendant
had been using and occupying this lot in connection
with the one on which the larger portion of his dwelling
is built, that it had become a part of his homestead not-
withstanding the contestant, prior to the division, had
a lien upon his undivided interest in the other two lots,
which lien upon the partition, was transferred to the
share allotted to him in this one. And doubtless it is
upon this theory that he bases his contention that the
contestant has no right to show that, at the date it ac-
quired its lien, the lot levied upon and the two others
were owned by him and his sisters in common, and that
there had been a partition of these lots, in May, 1900,
by which he became entitled in severalty to the lot in
question.

There were matters stated and properly stated in the
4th issue, and the court ruled correctly in admitting
proof of them. The only objection interposed to the in-
troduction in evidence of the certificate of the judgment
was that it is immaterial and irrelevant. It was clearly
material and relevant to the issue. The objections were
properly overruled. The question as to whether the
original certificate is the best evidence is not raised by
either of them. The motion to exclude this certificate
"because it is shown that it is not a portion of the files
of the probate judge's office" proceeds upon the idea
that it can never be withdrawn, even temporarily, with-
out destroying the lien of the judgment. We find in the
statute creating the lien no requirement that the certi-
ficate of the judgment shall remain on file or among
the papers in the office of the judge of probate. All that
the statute requires is that it shall be filed and "regis-
tered" (recorded) by the judge of probate in a book to
be kept by him for that purpose.—Acts, 1898-99, p. 34.
After it has been recorded, it is of no moment what be-
comes of it so far as the lien created by the act is con-
cerned. The endorsement on the certificate by the pro-
bate judge shows that it was filed and recorded in his
office, and this is no where disputed in the evidence.

Whether these facts could properly be proven in this way against a proper objection, we express no opinion. We see no error in allowing the judgment to be introduced in evidence.

What we have said sufficiently disposes of all the objections insisted on to the introduction of testimony without considering them in detail. The issue designated as the 4th having been affirmatively sustained by the evidence, and that without dispute, the first written instruction requested by contestant was properly given. This being true a two-thirds interest in the lot levied on is correctly condemned to the satisfaction of contestant's execution, which, of course, is the proper process for the enforcement of the judgment lien.—Acts, 1898-99, p. 34; *Howard v. Corey,* 126 Ala. 283, 290.

As to whether the remaining third interest in the lot levied on is subject to condemnation was under the evidence a matter for the determination of the jury, under the issue designated number 2, which alleged that the property claimed as exempt exceeds in value $2,000. The defendant having all along owned this interest in the lot and having used and occupied it in connection with the lot on which the main part of his residence is situated, and both being covered by the claim of exemptions, it is clearly exempt unless the value of this interest and the other lot exceed two thousand dollars. This, as we said, was a matter of dispute.

There was no error in the giving of the written charge No. 2 requested by contestant, or in refusing the several written charges requested by defendant.

The insistence that contestant has no right to have the execution levied upon a part of the homestead, finds no support in *Marx v. Threet.* 131 Ala. 340 cited as sustaining it.

Affirmed.