# Glover v. Bass.

## Exemption Contest.

(Decided June 10, 1909.   Rehearing denied June 30, 1909.
50 South. 125.)

1. *Execution; Form; Sufficiency.*—The law does not require that an execution should be upon one sheet of paper, and if on two, does not direct how they should be fastened, and hence, an execution embracing two sheets of paper, the second containing only the bill of costs, and the constable's endorsement and the two sheets pinned together, it is a valid execution.

2. *Homestead; Property Constituting.*—A fee is not necessary to support a homestead right, and the right may attach to any possessory interest in land; a husband may have a homestead right in his wife's lands as against his creditors; hence, he can have a homestead in lands belonging to him and use in connection with adjoining lands which he occupied as a homestead, so that it would not be subject to levy on execution, though he had conveyed a one-third interest in the adjoining lands to his wife.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Contest of Exemption upon levy on execution by William F. Glover upon the lands of Harry Bass. The court directed a verdict for the defendant, and plaintiff appeals. Affirmed.

GRANADE & GRANADE, for appellant. The court erred in excluding the return of the levy of the sheriff on the

execution issued by the justice of the peace. This return may be endorsed either on the original execution or any paper attached thereto.—*Green v. Pine,* 1 Ala. 235; *Toulmin v. Lesesne & Edmundson,* 2 Ala. 359; *Bailey v. Dunlap Merc. Co.,* 138 Ala. 415; *Johnson v. Dismukes,* 104 Ala. 520. If it was the intent of the sheriff to make his return on part of the execution then it is sufficient even if there was not a strict technical compliance with the law.—*Drewry v. Leinkauf,* 94 Ala. 486; *Murphy v. St. Louis Coffin Co.,* 43 South. 214. The paper constituted one and the same paper although but slightly attached.—*Murphy v. St. Louis C. Co. supra; Barnwell v. Murrall,* 108 Ala. 368; *Gelbe v. Gelbe,* 88 Ala. 427. The court erred in sustaining demurrers to the 1st, 4th, 5th and 6th grounds of contest.—*Beard v. Johnson,* 87 Ala. 729; *Jaffrey v. McGough,* 88 Ala. 648; *Turner v. Turner,* 107 Ala. 465. The court erred in permitting the deed from Nancy Bass to Harry Bass in evidence.—*McCreary v. Chase,* 71 Ala. 540; *Murphy v. Hunt,* 75 Ala. 438; *Hines v. Dunklin,* 79 Ala. 114; *Bailey v. Dunlap Merc. Co. supra.* The appellee cannot claim the lands levied upon as a part of his homestead while the title to the lands afterwards occupied as a homestead remained in his wife.—*Beard v. Johnson, supra; Bailey v. Dunlap Merc. Co. supra.* On these authorities and on the following authorities, the court erred in giving the affirmative charge for the appellee, and in refusing a like charge to the appellant.—*Turner v. Bernheimer,* 95 Ala. 241; *Thompson v. Mortgage Co.,* 110 Ala. 400.

CHARLES L. BROMBERG, for appellee. The appellant has no standing in the circuit court because the attempted levy was void in that the sheriff failed to endorse upon the execution the fact that the defendant

[Glover v. Bass.]

had no personal property known to him, or that it was insufficient to satisfy the execution.—*Jones v. Calloway,* 56 Ala. 46. The appellant took a non-suit with bill of exceptions, and therefore discontinued the further prosecution of the case in the circuit court. The appellant was the actor in the circuit court and it rested upon him not only to specify the grounds of the contest, but also to establish same by evidence, and the evidence being indisputably in favor of the appellee, the court properly directed a verdict for him.—*McCreary v. Chase,* 71 Ala. 540; *Bailey v. Dunlap Merc. Co.,* 138 Ala. 415; Secs. 2046 and 2052, Code 1896.

MAYFIELD, J.—Appellant brought his action against appellee, on account, in the justice of the peace court of Washington county, obtained judgment, and had execution issued thereon, which execution was placed in the hands of the constable. The execution proper, the writ, was on one sheet of paper, and the bill of costs on another; the two being pinned together only. The constable made his indorsement upon the sheet which contained only the bill of costs. A part of this indorsement was to the effect that defendant had no personal property subject to the process, and that levy had been made upon the S. E. ¼ of the N. E. ¼ of section 1, township 8, range 2 W., as the property of the defendant. This process was then returned to the justice court, from where it issued. The justice thereupon transmitted the process, together with all other papers, to the circuit court, as required by section 4681 of the Code. In the circuit court, at the proper time, these papers (so certified) plaintiff made the basis of his motion, praying the sale of the 40 acres of land levied upon.

After the levy, but before the motion or proceeding in the circuit court, the defendant duly made and filed

[Glover v. Bass.]

in the probate office of Washington county his claim
of exemptions—among other things claiming the partic-
ular 40 acres of land upon which the levy was made.
The plaintiff thereupon made and filed a contest of that
claim of executions, which contest was brought into the
circuit court, and thus became a part of the motion for
the sale. The defendant demurred to several grounds
of the contest, which being sustained, the plaintiff took
a nol. pros., with a bill of exceptions. This order of
nol. pros., was, however, during the term set aside on
plaintiff's motion, and a trial of the contest was had;
the court giving the general affirmative charge for the
defendant. From the judgment rendered, plaintiff ap-
peals.

It is insisted earnestly by the appellee that the levy
was void, because the indorsements were a necessary
part of it, and that as they were on a sheet of paper
separate from the writ proper, being only pinned to-
gether, one was no part of the other. There is no merit
in this contention. The law does not require the execu-
tion to be on one sheet of paper, and not on two. If on
two, it does not direct how the two shall be fastened—
whether pinned (as was the case here), glued, fastened
with library paste, or with any of the numerous patent-
ed brads, clasps, or pointed fasteners. The writ gets
its validity from the authority issuing it, and from
what is written on it, and not by virtue of the mode
or means by which the sheets are fastened together. Ex-
cept as to neatness and durability, the writ gets no ef-
ficacy from the glue or fastener by which its sheets are
held together.

On the contest of exemptions, it seems, the plaintiff
examined the defendant and proved that the land in
question was a part of his homestead, or was used in
connection with the 40 on which he resided as a part of

[Glover v. Bass.]

his homestead. The plaintiff introduced a deed, executed by the defendant, conveying lands adjoining the 40 in question. This conveyance was void as to the two-thirds interest attempted to be conveyed to his children, because the land was at the time his homestead, and because his wife did not join therein, or acknowledge the same, as required by the statute. This the defendant sought to avoid by introducing in evidence, over the objection of the plaintiff, a deed, executed after the levy and after the claim of exemptions was filed by him, purporting to convey a part of the lands in question from his wife to himself. The court allowed all this evidence over the objection of the respective parties.

The homestead right may attach to any possessory interest in land. The fee is not necessary to support it. The defendant might have had a homestead right in this land, though he had conveyed a one-third interest in adjoining lands to his wife 10 years before. The case is thus differentiated from the case of *Beard v. Johnson*, 87 Ala. 729, 6 South. 383. None of this evidence could benefit the plaintiff contestant. A husband may have a homestead interest in the lands of his wife as against his creditors.—*Reeves v. Peterman*, 109 Ala. 368, 19 South. 512. The evidence in this case, under any phase of it, showed beyond a doubt that the land in question was a part of the defendant's homestead, whatever title he may have had thereto. It was not subject to levy, and consequently the judgment rendered was the only proper one, and no errors of the trial court can be availing to reverse it.

The judgment appealed from must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.