(106 So. 504)

**MERCHANTS' BANK OF MOBILE v. PARRISH et ux. (1 Div. 380.)**

(Supreme Court of Alabama. Dec. 17, 1925.)

1. **Fraudulent conveyances ⚖102, 104(1)—Conveyance to relative not necessarily fraudulent; conveyance to wife not necessarily fraudulent.**

Conveyance to relative, while subject to closest scrutiny by court, is not of itself fraudulent, and wife, a bona fide creditor, may take property at fair price in payment of debt, provided transaction does not fall under inhibition of Code 1923, § 8040, relating to general assignment for benefit of creditors, and no benefit is reserved to grantor.

2. **Fraudulent conveyances ⚖257—In creditor's suit to set aside conveyance, held other creditors could not intervene.**

Where creditor bank, in seeking to set aside conveyance of debtor, filed bill for its exclusive benefit instead of general creditor's bill, held, other creditors could not intervene until defendant grantor's estate had been brought into court as fund for equal benefit of all, and such other claims had no effect on issues.

3. **Husband and wife ⚖129(2) — Husband's representations, when arranging loan at bank, would not affect wife's rights as his creditor.**

Where bank granted loan to defendant, who was already indebted to wife, it was immaterial, as far as wife's rights as creditor were concerned, whether he informed bank of such indebtedness, where she did not know of any representations being made.

4. **Fraudulent conveyances ⚖220—Mortgagee may file bill to set aside conveyance to property not covered by mortgage.**

Holder of second mortgage is not barred from filing bill to set aside, as fraudulent, conveyance by debtor of property not covered by mortgage.

5. **Fraudulent conveyances ⚖104(2) — Conveyance by debtor to wife held valid against creditor.**

Where solvent debtor, fearing pressure by creditors, conveyed property to wife in payment of antecedent debt, no benefit being reserved to him, such conveyance was good against creditor, who sued under Code 1923, § 8038, denouncing conveyances which hinder, delay, or defraud creditors, and not under section 8040, relating to general assignment for benefit of creditors.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by the Merchants' Bank of Mobile against B. R. Parrish and wife. From a decree dismissing the bill, complainant appeals. Affirmed.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

The law will carefully scrutinize a transaction between husband and wife, where any question is presented as to its bona fides. Waddle v. Great So. Phosphate Co., 184 Ala. 346, 63 So. 462; Wimberly v. Montgomery Fert. Co., 132 Ala. 107, 31 So. 524; McTeers v. Perkins, 106 Ala. 411, 17 So. 547; Gordon v. McIlwain, 82 Ala. 247, 2 So. 671; Hubbard v. Allen, 59 Ala. 283; Lipscomb v. McClellan, 72 Ala. 151; 27 C. J. 643. A debtor may be guilty of a fraudulent intent in conveying property, even though he be solvent. Montgomery-Moore Mfg. Co. v. Leith, 162 Ala. 246, 50 So. 210; Teague v. Bass, 131 Ala. 422, 31 So. 4; Beall v. Lehman Durr Co., 110 Ala. 450, 18 So. 230; Carter v. O'Bryan, 105 Ala. 313, 16 So. 894; 27 C. J. 497. The grantee has no right to complain as to complainant's choice of remedies. Allen v. Pierce, 163 Ala. 612, 50 So. 924, 136 Am. St. Rep. 92; Fidelity Mortg. Co. v. Morris, 191 Ala. 318, 68 So. 153, Ann. Cas. 1917C, 952. The mere fact of deposit by the husband of money to his wife's credit does not constitute a gift to her. Hagin v. Shoaf, 9 Ala. App. 300, 63 So. 764. Whether founded on a valuable consideration or not, a conveyance entered into with intent to hinder, delay, or defraud creditors is void. Reeves v. Skipper, 94 Ala. 407, 10 So. 309; Waddle v. Gt. So. Phosphate Co., supra; Beall v. Lehman Durr Co., supra. The burden of proving that the conveyance was based upon a valuable and adequate consideration was upon defendants. Fields v. Dale, 206 Ala. 475, 90 So. 798; Penney v. McCulloch, 134 Ala. 580, 33 So. 665; Whaun v. Atkinson, 84 Ala. 592, 4 So. 681. Where a wife permits her husband to deal with her estate as his own, the presumption arises, as between her and her husband's creditors, that she intended to make a gift of such estate to him. Ladd v. Smith, 107 Ala. 506, 18 So. 195; Newlin v. McAfee, 64 Ala. 357.

Thornton & Frazer, of Mobile, for appellees.

A gift of money by the husband to his wife is valid against all persons, except existing creditors, and his subsequent conversion of the money to his own use makes him a debtor to her for the amount. Whaun v. Atkinson, 84 Ala. 592, 4 So. 681. The husband had the right to transfer property to his wife in satisfaction of her debt, no use or benefit being reserved to himself. Pollock v. Meyer, 96 Ala. 172, 11 So. 385; Dawson v. Flash, 97 Ala. 539, 12 So. 67; Beddow v. Sheppard, 118 Ala.

474, 23 So. 662; Allen v. Caldwell, 149 Ala. 293, 42 So. 855. The fact that the creditor preferred is a relative does not make the preference invalid. Crawford v. Kirksey, 50 Ala. 590; Moog v. Farley, 79 Ala. 246; Bates v. Morris, 101 Ala. 282, 13 So. 138.

SAYRE, J. [1] Appellees are man and wife. Appellant is a creditor of the husband. Appellant, complainant in the trial court, filed its bill to annul a conveyance made by defendant husband to his wife as having been made in fraud of its rights. The conveyance of dairy cattle, dairy equipment, farming implements, and a secondhand automobile, all worth about $3,500, was made in part payment of an indebtedness of the defendant B. R. Parrish to his wife in the sum of $6,500. Complainant denies that there was a bona fide indebtedness, but we think defendants' version of the facts as to that must be accepted. Complainant's debt is not denied. The bill fails to aver the simulation of the consideration upon which the conveyance was made, but complainant insists that such was the case. Grantor and grantee were husband and wife, as we have said, and defendants have assumed the burden of proving the bona fides of the consideration, and must concede that the transaction between them will be more closely scrutinized by the court, at the instance of a creditor, than a transaction between strangers. Moog v. Farley, 79 Ala. 246; Zelnicker v. Brigham, 74 Ala. 598. Still, relationship is not, of itself, sufficient to stamp a transaction as fraudulent, and a bona fide creditor, however closely related to his debtor, may take property at a fair price in payment of his debt (cases supra), provided the transaction be not such as to fall under the influence of section 8040 of the Code of 1923, and no benefit be reserved to the grantor.

In September, 1922, defendants lived in Kentucky, but the husband's health was not good, and he determined to move to some point on the Gulf Coast. He had something more than $7,500 in cash, bills receivable to the amount of $2,500, and these items, along with his dairy cattle, constituted an estate in the close neighborhood of $15,000. Testifying as a witness, he estimates his property at $20,000; but he seems to have had in mind other unnamed assets; but, in any case, we are of opinion that he was fairly worth $15,000. The record warrants the finding that he owed no debts; that is, his testimony, and there is nothing to the contrary. In these circumstances he gave his wife $6,500, put $1,100 in his pocket, and went to Mobile, taking along his wife, his children, and his dairy outfit. That he gave his wife a check for the amount of his gift and that it was passed to her credit in the Kentucky bank is not denied. His testimony is that he

intended thereby to make some provision for his family; that he had no creditors, present or in specific prospective, though he intended, of course, to go into business wherever he might locate. We are unwilling to hold that in his circumstances he might not lawfully make provision for his family as he did; nor do subsequent facts justify a finding that any fraud against future creditors was then intended. He had expected to begin business in his new location by renting a place; but at the end of two weeks he had found a place that he preferred to buy at the price of $11,-500. He then borrowed the balance of his wife's $6,500—some $300 or $400 had been expended by her—placed her check to his credit with complainant bank, paid $4,000 on his purchase, and later on negotiated loans with complainant for amounts which total $4,500, of which $1,500 has been repaid. Of the moneys thus borrowed, $10,000 was expended in permanent improvements on the place. This is the grantor's testimony. It has corroboration in the record; nor is there any evidence to the contrary. We find no sufficient reason for rejecting it as untrue. Later, when complainant pressed for security, he gave a second mortgage to secure the balance of $3,000 then due on complainant's debt.

[2] Two other creditors, whose combined debts amount to $334.56, with interest, have filed petitions seeking to intervene as in case of a general creditors' bill; but complainant's bill is not a general creditors' bill, and complainant had the right to file a bill for its exclusive benefit, and so the cause should have proceeded until complainant or some other creditor by proper proceeding may have brought defendant grantor's estate into court as a fund for the equal benefit of all. This has not been done, and we do not see that the fact of the husband's indebtedness for the amounts indicated should have any material effect upon the issues of law and fact presented by this record.

[3] It is sharply contested between the parties whether defendant grantor, when negotiating loans with complainant bank, informed complainant's president, with whom he dealt, of his indebtedness to his wife. Defendant grantor swears that he did. Complainant's president swears that he did not. But this issue is not considered as of controlling importance, since its tendency, if solved in complainant's favor, is only to discredit defendant husband in a general way, not otherwise shedding light upon any specific issue in the cause. If found in agreement with complainant's contention, there would still be nothing to estop the wife to assert her rights as a creditor, for she is not shown to have been aware of any representations made by her grantor.

[4] As we have indicated, defendant grantor had given a second mortgage to secure complainant's debt. The trial judge, though finding with defendants on contested issues of fact, was of opinion also that complainant was barred of its right to file its bill by reason of the fact that its debt was adequately secured by its second mortgage. In this we do not concur. This court has held to the contrary in a case which perhaps sufficiently states the reason for the holding. Fidelity Bond Mtg. Co. v. Morris, 191 Ala. 318, 68 So. 153, Ann. Cas. 1917C, 952.

[5] It remains to notice defendant grantee's statement, made in the course of her testimony, that "Mr. Parrish's creditors had begun to get after him about that time"—meaning the time of the conveyance in controversy —"trying to collect their money, and we were afraid that they would take everything we had out there, to make him pay up, if they could, so it was then I felt like I ought to get something, so I had him make a conveyance to me of his property." The bill is not filed on the theory that the conveyance should be held to operate as a general assignment for the benefits of creditors under section 8040 of the Code, but it is filed under section 8038, which denounces conveyances made with intent to hinder, delay or defraud creditors and others of their lawful suits, damages, forfeitures, debts, or demands. The grantor was not at that time insolvent. He owned real estate which he had purchased for $11,-500, and upon which he had paid $4,000 or $5,000; the balance being secured by a purchase-money mortgage or a vendor's lien reserved. He had expended $10,000 in permanent improvements. He had personalty worth something more than $3,500. He owed his grantee wife $6,190. He owed complainant $3,000, with interest for one year, and some small bills in addition. As we have heretofore noted, complainant's debt was adequately secured by a second mortgage, and defendants proceeded on the theory, no doubt, that complainant was amply able to take care of its equity as against the first mortgagee. In the circumstances shown by the record, defendants could hardly have indulged a hope to defraud complainant of its just debt; that is, to defeat its ultimate collection in whole or part. They no doubt entertained the view that the grantee was entitled to have payment of her debt, though its payment might operate to delay complainant in the collection of its demand, and this, as we construe the evidence, is what she meant when testifying in the language quoted above, and that, under the authorities cited first above—to which others might be added—was her right, and defendants were so advised, in effect, by counsel before they entered into the contract of conveyance in question. The cases cited by appellant in this connection will be found to differ materially from the case in hand. It is not to be denied that a solvent debtor may be guilty of a fraudulent intent in the conversion of his property into cash, thereby put-

ting it beyond the reach of his creditors and arming them with the right to proceed by bill against the grantee; but this does not interfere with the rule stated by the cases cited in the outset of this opinion. What has been said proceeds upon the assumption that no benefit was reserved to the grantor. The evidence, none of which appears to have been directed to this immediate point, hardly warrants a conclusion otherwise.

We are therefore at the conclusion that appellant's bill, on the evidence adduced, was properly dismissed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.