20 So.2d 513
**GREER et al. v. ALTOONA WARE-HOUSE CO.**
6 Div. 289.

Supreme Court of Alabama.
Jan. 18, 1945.

J. T. Johnson, of Oneonta, for appellee.

P. A. Nash, of Oneonta, and Finis E. St. John, of Cullman, for appellants.

BROWN, Justice.

The bill in this case was filed by appellee, a judgment creditor, against R. M. Greer, the judgment debtor, his wife and son-in-law, seeking to enforce a judgment lien arising from the registration of a certificate of the clerk of the court rendering said judgment in the office of the judge of probate, under the statute [Code 1940, Tit. 7, § 588], and to cancel certain conveyances alleged to be voluntary and made by the debtor to the other defendants to hinder, delay and defraud complainant in the collection of its debt.

By answer the defendants denied the existence of the indebtedness on which said judgment was rendered, making the answer a cross bill seeking to vacate and annul said judgment, on the ground that said Greer had a good defense to the action culminating in the judgment, which he was prevented from making on account of accident, mistake or fraud, without negligence on his part.

The defendants Greer and wife, in their answer, separately claimed as a homestead, exempt from said alleged judgment lien, all the right, title and interest said R. M. Greer had in the land upon which the original bill as amended sought to fasten said lien.

The lands consisted of three tracts: I. Twenty-two acres, twenty acres of which lie in and constitute the East Half of the Southeast Quarter of the Northeast Quarter, Section 35, Township 10, Range 2, East; and two acres being a strip of land lying along the West line of said twenty in the West Half of said Southeast Quarter of the Northeast Quarter, the separate property of the wife. II. Twenty-two

acres, jointly owned by Greer and wife as tenants-in-common, eighteen acres of which lie in the West Half of the Southeast Quarter of the Northeast Quarter and immediately west of the tract owned by the wife; and four acres lying along the West line of said last named twenty-two acres in the Southwest Quarter of the Northeast Quarter. Said tracts I and II contain forty-four acres more or less. III. The Northwest Quarter of the Southwest Quarter of Section 34, in said above named township and range, owned by R. M. Greer, and located about a mile or less from the forty-four acre tract.

The circuit court in the final decree granted relief to the complainant, cancelled the deed from Greer to his wife embracing said Tract No. III, and fixing a lien on said tract ordered the same to be sold for the payment of such judgment debt, and denied relief to the defendants in their cross bill and dismissed the same. In that decree the court sustained the claim of exemption as to Tracts Nos. I and II, declaring the same the homestead of defendants.

The evidence is without dispute that R. M. Greer had notice of the pendency of the action on the debt, appeared therein and defended the same on the ground that the note on which the appellee sued was a forgery, and under the general issue, that he was not indebted to the appellee, who was plaintiff in that suit.

The substance of the allegation of fraud upon which the cross bill is predicated was that one John Greer, a brother of the defendant, was the managing head of the appellee corporation and led him to believe that he would not press the suit in the circuit court and, for that reason he did not summons his witnesses to the trial. If that phase of his defense was correct, he should have applied to the trial court in the action at law for time to obtain the attendance of his witnesses. Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369. Moreover, it appears from the evidence in this case that, said John Greer was not an official of the appellee corporation at the time of said trial. We, therefore, concur in the conclusion of the circuit court that the defendants, appellants, failed to sustain the allegations of their said cross bill and the dismissal thereof was not error.

After the complainant proved the existence of its debt, antedating the conveyance of Greer to his wife, the defend-ants had the burden of proving the bona fides of the consideration and that it was not greatly disproportionate to the value of the property conveyed, and the evidence offered is subject to strict scrutiny because of the family relations. Merchants' Bank of Mobile v. Parrish, 214 Ala. 96, 106 So. 504; Robinson v. Moseley, 93 Ala. 70, 9 So. 372. We concur in the conclusion of the trial court that the defendants failed to meet and carry this burden.

The evidence is in sharp conflict as to whether or not the residence of the Greers and the barns, constituting the homestead, were located on Tract No. I or Tract No. II. If they are on Tract No. I, constituting the separate estate of the wife, the husband was in no position to claim the same as a homestead or to annex thereto the property in which he had an interest as tenant-in-common, or which he owned in severalty. Beard v. Johnson, 87 Ala. 729, 6 So. 383; W. T. Rawleigh Co. v. Patterson et al., 239 Ala. 309, 195 So. 729; Pace et al. v. Wainwright, 243 Ala. 501, 10 So.2d 755.

If, on the other hand, the residence and the improvements, constituting the homestead, were located on Tract No. II, said R. M. Greer had the right to claim the same as his homestead, and to annex and attach thereto Tract No. III, if said Tract No. III was impressed with the character of a homestead by its use and occupation as such in connection with Tract No. II, and his interest in the two combined did not exceed $2,000.00 in value. Emrich v. Gilbert Mfg. Co., 138 Ala. 316, 35 So. 322; Glover v. Bass, 162 Ala. 267, 50 So. 125, 136 Am.St.Rep. 22; Dicus v. Halls, 83 Ala. 159, 3 So. 239; Shubert v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St.Rep. 241; Jaffrey v. McGough, 88 Ala. 648, 7 So. 333; Code 1940, Tit. 7, § 625.

After due consideration of the evidence in the record, we are of opinion that, the house and barn were located on Tract No. II, and that R. M. Greer's interest in said tract did not exceed or equal $2,000 in value, after deducting that portion of the mortgage debt on the two tracts that in equity would be allotted to Greer's interest.

But we are of opinion that Greer has failed to show that the forty acres in Section 34 were used as a part of the homestead, and that he "drew his sustenance and home supplies alike from each place." Dicus v. Halls, supra. The substance of the testimony given to support

occupation and use of the forty acre tract as a part of the homestead is embodied in the statement of Greer that, "During the crop year 1942 after I deeded the 40 acres to my wife we cultivated some corn and hay on this place in connection with our crop on our home place. My wife authorized me to rent out a part of this 40 acres of land which I did. No one lived and resided on this tract of land after I deeded it to my wife in the spring of 1942 on up until the present time."

Mrs. Greer testified: "My husband and I cultivated part of this 40 acres of land during the crop year of 1942 together with our home place where we were living."

The court, therefore, did not err in denying the appellants' claim to the forty acre tract as a part of their homestead. We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.