FAULKNER, Justice.
James A. MacPherson and his brother, Cuthbert, owned 100 acres of land in Limestone County as tenants in common. Mary Lee MacPherson became the wife of Cuth-bert in 1942. Mary and Cuthbert moved into a house on the 100 acre tract of land. James A. MacPherson also lived in the house from time to time.
James smoked a pipe, much to the annoyance of Mary. In 1959, the two brothers transferred one acre from the 100 tract of land to Mary. She built a small house on the land, about 100 yards from the old house. She and her husband, Cuthbert, *944 moved into the new house. Cuthbert resided in the new home until the time of his death in 1971. Mary remains in the house at present.
Prior to Mary and Cuthbert’s marriage, Cuthbert farmed part of the 100 acres, and raised cattle and chickens on the land. These activities continued after the couple moved into the new house. Cuthbert was in charge of farming activities, and when he became too old to farm the land, he rented the land. Mary and Cuthbert also had a garden for their personal use on the property owned jointly by Cuthbert and his brother.
Cuthbert MacPherson died intestate in 1971, still married to Mary. At the time of his death, Cuthbert owned the remaining 99 acres of land as a tenant in common with his brother.
Cuthbert left no children or descendants. Nevertheless, under the applicable statute of descent and distribution, Cuthbert’s interest in the property descended to his brother. James died subsequent to Cuth-bert’s death.
On April 16, 1980, Mary MacPherson brought an action to claim a homestead exemption in the 99 acres owned by Cuth-bert and James. Mrs. MacPherson sought to have the title to the property vested in her in fee simple. Mrs. MacPherson alleged that the property was worth more than $6,000.00, and that it did not exceed 160 acres in area. Mrs. MacPherson brought the action against the descendants of James MacPherson. The parties agreed to a stipulation of facts. The trial court granted the motion for summary judgment filed by James’s heirs. The widow appeals.
Section 6-10-60, Code 1975, permits a surviving spouse to claim a homestead exemption in up to 160 acres. Section 6-10-62 vests title to the homestead in the surviving spouse if the realty is the only real property owned in the State by the decedent at the time of his or her death.
The key issue presented in this case is whether the 99 acres held by Cuthbert and James MacPherson is “homestead property.” In Skipworth v. Skipworth, 383 So.2d 524 (Ala.1980), this Court repeated the definition of homestead property given in an earlier decision:
“In general, the homestead law provides to named survivors a homestead not exceeding 160 acres in area which is exempt from administration and payment of debts. Title 7, Sections 661, 663, 697, Code of Alabama, 1940 (Recompiled 1958). Although the term ‘homestead’ is not defined in the statute, this court has stated that ‘[a] homestead, in law, means a home place, or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom.’ Griffin v. Ayers, 231 Ala. 493, 496, 165 So. 593, 595 (1936). It has been further defined as ‘the roof that shelters and the land used in connection therewith for the comfort and sustenance of the family * * * ’ Moseley v. Neville, 221 Ala. 429, 431, 129 So. 12, 14 (1930), quoted in Griffin v. Ayres, supra. Normally the land must have been occupied by decedent prior to his death. Turner v. Turner, 107 Ala. 465, 18 So. 210 (1895). Contiguous real estate used for rental or commercial purposes and not used by the homeowner or his family is not within the ‘homestead.’ Griffin v. Ayers, supra; Turner v. Turner, supra. But see Cade v. Grafio, 227 Ala. 11, 148 So. 591 (1933), where contiguous property rented to others was determined to be part of the homestead because it was also used by the owner in connection with the home-place.”
In Lacey v. Davis, 361 So.2d 543 (Ala.1978), this Court stated:
“The dwelling site is not the only object of protection. Appurtenant land is included in the homeplaee if used for the actual benefit of the family.. ..
‘The statute protects the roof that shelters and the land used in connection therewith for the comfort and sustenance of the family.’ ”
On several occasions, this court has permitted a surviving spouse to claim home *945 stead in land appurtenant to the family’s dwelling. See, e.g., Lacey v. Davis, 361 So.2d 543 (Ala.1978); Mullins v. Baker, 193 Ala. 594, 69 So. 516 (1915); Tyler v. Jewett, 82 Ala. 93, 2 So. 905 (1886). Nevertheless, in each of those cases, the land on which the family dwelling was located was owned by the same spouse who owned the land appurtenant to the family dwelling. This Court has never permitted a spouse to claim homestead in appurtenant land which is the separate property of the other spouse. See Greer v. Altoona Warehouse Co., 246 Ala. 297, 20 So.2d 513 (1945); Beard v. Johnson, 87 Ala. 729, 6 So. 383 (1888).
This Court addressed the issue of claiming homestead in a spouse’s appurtenant but separate property in Greer v. Altoona Warehouse Co., 246 Ala. 297, 20 So.2d 513 (1945). In that case, three separate tracts of land were involved. Tract I was the separate property of the wife, Tract II was owned jointly by the husband and wife, and Tract III was owned by the husband. The husband claimed a homestead exemption on each of the tracts in a suit by a creditor to levy against the property. The issue was on what tracts could the husband claim a homestead exemption. The trial court held that Tracts I and II were impressed with a homestead exemption.
This Court reversed, holding that only Tract II was homestead property. The Court found that Tract III was not used as homestead property. The Court stated that even if the homestead was on Tract I, “constituting the separate estate of the wife, the husband was in no position to claim the same as a homestead or to annex thereto the property in which he had an interest as tenant-in-common, or which he owned in severalty” (emphasis added).
There is but one homestead. Beard v. Johnson, 87 Ala. 729, 6 So. 383 (1888). A wife may not claim one homestead, and the husband another. In Beard v. Johnson, this Court stated:
“It is manifest that ownership, entire or partial, in fee or for a term, is one of the essentials of rightful claim of homestead exemption.... And there can not, at one and the same time, ‘be two separate valid homestead claims. ... ’
... We think it is manifestly against both the letter and spirit of the law, that the two holdings, being not in common, but by different persons, should be tacked, the one to the other, and thus become an individual homestead, claimable by either. [The wife], owning, and, together with the family, occupying the homestead proper — the land on which they resided — was, without doubt, entitled to claim its exemption from debts. This disabled [the husband], so long as that ownership and occupancy lasted, to assert homestead in other lands, on which the family did not reside.”
Thus, Mary MacPherson cannot tack the separate property of her husband to the land on which their dwelling was located, in order to claim a larger homestead. Clearly, the homestead property and the family dwelling of the MacPhersons were located on Mrs. MacPherson’s single acre of land.
Mrs. MacPherson also argues that since she did not join in the transfer of the one acre to herself, she did not relinquish her homestead rights in the other 99 acres. It is true that in Alabama, when the husband, for example, transfers the homestead to the wife, without her signature, the wife does not lose the homestead exemption merely because she now holds legal title to the property. See Wallace v. Feibelman, 179 Ala. 589, 60 So. 290 (1912); Bassett v. Powell, 178 Ala. 340, 60 So. 88 (1912); Turner v. Bernheimer, 95 Ala. 241, 10 So. 750 (1891). Nevertheless, in each of these cases, the complete homestead was transferred, and the family continued to dwell on the homestead. In the present case, only a small portion of the homestead was transferred and the family moved from the old dwelling into a new dwelling on the separate property of the wife. When a family changes the location of the homestead, it cannot be contended that prior dwellings remain impressed with a homestead character. Furthermore, the only land transferred was one acre. It is only in this acre then that Mrs. MacPherson may contend *946 that she retained her homestead exemption because she failed to join in the transfer.
Therefore, the trial court did not err in refusing to set aside a homestead in the deceased’s interest in the 99 acres.
The judgment is affirmed.
AFFIRMED.
ALMON and ADAMS, JJ., concur.
TORBERT, C. J., concurs in the result.
EMBRY, J., concurs specially.