# Dicus *v.* Hall, Hooper & Co.

*Contested Claim of Homestead Exemption.*

| 83 | 159 |
| 95 | 516 |

| 83 | 159 |
| 102 | 310 |

| . 83 | 159 |
| 107 | 469 |

| 83 | 159 |
| 118 | 215 |

1. *Homestead exemption; lands not contiguous.*—Where the debtor resides on a tract of land containing sixty acres, and purchases another tract containing eighty acres, from which he obtains timber and fire-wood for the home place, cultivating the two places together, and obtaining his supplies from both, the two tracts together being of less value than $2,000; the purchased tract may be claimed as a part of his homestead exemption, though separated from the home place by an intervening tract six hundred yards wide.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This was a contested claim of homestead exemption, between Hall, Hooper & Co., plaintiffs in execution against Anderson Dicus, and the said Dicus as claimant. The court ruled against the claim, and ordered the land to be sold; to which ruling and judgment the defendant excepted, and he here assigns it as error.

D. W. SPEAKE, for the appellant, cited Thompson on Homesteads, §§ 101, 102, 103, 105, 106; *Gregg v. Bostwick*, 33 Cal. 220.

J. E. BROWN, *contra.*

STONE, C. J.—Dicus, the appellant, had owned and occupied as a residence a small tract of land, some fifty-seven acres, upon which he had some twenty-five acres cleared and in cultivation. He had occupied it as a home for more than twenty years. Several years before the debt was incurred, under which these proceedings were had, he purchased an additional eighty acres of land, separated from the former by an intervening tract six hundred yards wide. On this latter purchased tract he had some twenty acres cleared, and had on it stables and a crib. From the tract last purchased he obtained timber and fire-wood for the home place proper, and the two places were cultivated in common, and he drew his sustenance and home supplies alike from each place. On the eighty-acre tract there was a tenant house, and he sometimes rented a part of it to tenants, working on shares; the

tenant and Dicus' hands working the lands together, and not separately. The two tracts were worth much less than two thousand dollars.

In 1884, Dicus incurred a debt, less in amount than one hundred dollars. This debt was put in judgment before a justice of the peace, and under execution issued upon it, the constable levied on the eighty acres of land, "for want of personal property to satisfy the execution." Dicus interposed his claim of homestead exemption. The question was raised in the Circuit Court, in opposition to a motion made there for an order to sell the land, that the property was part of the homestead, and as such exempt from levy and sale.

Our statute—Code of 1876, § 2820—exempts from levy and sale, etc., "the homestead of every resident of this State, not exceeding one hundred and sixty acres of land, and not exceeding two thousand dollars in value, and the appurtenances thereon, owned and occupied by such resident." There is no other qualification, except that it shall not be "in any city, town or village. A different provision is made for the residents of cities, towns and villages.

This is the first time this question has come before us. In *Perkins v. Quigley*, 62 Mo. 498, speaking of their statute, it was said: " The only restrictions concerning homesteads, in the statute, relate to the quantity and value of the land; and the parcels of land composing it need not be contiguous, provided they are used in connection with each other." So, in *Buxton v. Dearborn*, 46 N. H. 43, the ruling was, that "a small piece of land, on which hay is cut for a cow kept at a house where a man lives, may be regarded as part of his homestead, though the land is separated from the house and a mile distant, provided the house and land together do not exceed five hundred dollars in value, and the land is used in connection with the house to furnish food for the cow." Thompson on Homestead, § 102; *Greely v. Scott*, 2 Woods, 657, note; *Hubbard v. Canady*, 58 Ill. 425; *Stevens v. Hollingsworth*, 74 Ill. 202; *Gregg v. Bostwick*, 33 Cal. 220; *Hoitt v. Webb*, 36 N. H. 158; *H. & Gr. Nor. R. R. Co. v. Winter*, 44 Tex. 597; *Tyler v. Jewett*, 82 Ala. 93.

The testimony shows that the land in controversy was occupied and cultivated in common with the tract on which the appellant resided, and that the two lots were a common source of family support. On this testimony, unrebutted, it was part of the homestead.

Reversed and remanded.