# Hodges *v.* Winston.

*Statutory Action in nature of Ejectment.*

1. *Homestead in tracts of land not contiguous.*—Two tracts of land, containing respectively forty and fifty acres, and of value less than $2,000, may constitute an exempt homestead, if occupied and cultivated together, and used as a common source of family support, though a half mile or more apart.

2. *Conveyance of homestead; validity as against creditors.*—Creditors can not complain of a conveyance of his homestead by their debtor, since they are not thereby injured.

3. *Repugnant defenses.*—When the defendant, claiming under a conveyance from a judgment-debtor, has successfully excluded evidence assailing the conveyance for fraud, on the ground that the property conveyed was the homestead of the debtor, he is precluded from afterwards contending that it was not in fact the debtor's homestead.

4. *Alienation of homestead; subsequent certificate of acknowledgment.* A conveyance of the homestead, signed by husband and wife, but without the statutory certificate of acknowledgment by the wife (Code, § 2508), is a nullity; and the officer before whom it was acknowledged has no power, at a subsequent time, to alter or add to his certificate, or to make a new certificate, without a re-acknowledgment.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by John G. Winston against Mrs. A. Shubert, tenant in possession, to recover two small tracts of land, one containing 40 acres, and the other 55 acres; and was commenced on the 3d December, 1889. The plaintiff claimed as a purchaser at sheriff's sale, under a judgment and execution against James G. Coleman; and he produced his judgment, execution, and sheriff's deed,

which showed that the judgment was rendered on the 23d February. 1885, the execution levied on the land on the 24th September, 1885, and sheriff's deed to plaintiff, as the purchaser at the sale, dated November 5, 1885. J. W. Hodges intervened as the landlord of Mrs. Shubert, and defended the suit on his own title, claiming under a purchase from said James G. Coleman; and he produced and proved the execution of his deed from said Coleman and wife, which was dated 20th February, 1885, and recited the payment of $1,100 as its consideration. Two certificates of acknowledgment were indorsed on the deed, taken by the same justice of the peace, and each dated 20th February, 1885, one by the grantor and his wife, in ordinary form, and the other by the wife alone, on examination separate and apart from her husband; and two indorsements of filing for record, one on the 1st September, 1885, and the other on the 15th February, 1886. The justice of the peace testified, that he took the acknowledgments, and wrote the certificates; that he examined Mrs. Coleman separate and apart from her husband; that this was done on said 20th February, 1885; that Mrs. Coleman did not again acknowledge the deed before him, and that he had no recollection of writing the second certificate at a day subsequent to its date. The defendant himself testified, that Mrs. Coleman was examined by the justice separate and apart, at the time the deed was executed and acknowledged, but only the first certificate was then appended to it; that he discovered the defect in the certificate after he had filed the deed for record, procured the justice to add the second certificate, and again filed it for record; and that Mrs. Coleman was not present when this was done. The record copy of the deed, when first recorded, showed only the first certificate of acknowledgment.

The court charged the jury, on request of the plaintiff, "that if Coleman cultivated the two tracts of land together, and his family drew supplies from both of them, and the two tracts were used together, then the bottom tract was as much Coleman's homestead as the tract on which his house was situated;" also, that if the land was Coleman's homestead on the 20th February, 1885, his deed to Hodges, of that date, conveyed no title, unless duly signed by both of them, acknowledged by Mrs. Coleman on examination separate and apart from her husband, and so certified by the officer; and that the justice of the peace who took the acknowledgment had no authority, on a subsequent day, to amend or alter his certificate, or to make a new certifi-

[Hodges v. Winston.]

icate, without a re-acknowledgment. The defendant excepted to each of these charges, and here assigns them as error, with other matters.

J. E. BROWN, for appellant.—(1.) There is no evidence that the lands sued for were ever claimed or selected by the debtor as his homestead, and without such claim and selection the right was never perfected. He might waive the right to claim a homestead, just as he might abandon his homestead, or sell and convey it; and a creditor can not be allowed to assert a right for him which he has waived. The bill of exceptions sets out all the evidence introduced on the trial, and shows that there was no proof of title in Coleman. It only shows that he and his wife, being in possession, sold and conveyed to Hodges, for valuable consideration, before the rendition of plaintiff's judgment, and delivered possession to him. It may be that the land belonged to Coleman's wife, and that no claim of exemption was interposed on that account. As to the necessity of a claim and selection, see *Block v. George*, 83 Ala. 184; *Clark v. Spencer*, 75 Ala. 57; *Clancy v. Stephens*, 92 Ala. 577. (2.) The justice who took the acknowledgment had power, "within reasonable limits, to amend his certificate, so as to make it speak the truth."—*Jordan v. Corey*, 52 Amer. Dec. 516.

O. D. STREET, *contra*, cited *Hall v. Dicus*, 83 Ala. 159; *Ventress v. Griffith*, 91 Ala. 356; *Alford v. Lehman*, 76 Ala. 526; *Striplin v. Cooper*, 80 Ala. 256; *Smith v. Pearce*, 85 Ala. 264; *White v. Farley*, 81 Ala. 563.

WALKER, J.—The two parcels of land involved in this suit are not contiguous. The house in which James G. Coleman, the judgment-debtor, lived with his family, was on the forty-acre tract. In connection with this tract he used the other tract containing fifty-five acres, cultivating it every year, and getting from it a support for his family. The aggregate value of the two tracts was less than two thousand dollars. They were occupied and cultivated in connection with each other, and were used as a common source of family support. Together they could constitute a homestead.—*Dicus v. Hall*, 83 Ala. 159. The facts as to the judgment-debtor's occupancy and use of the two parcels together were testified to by the witness Thomas Coleman. After he had testified, evidence offered by the plaintiff to show that the sale of the land by the judgment-

[Hodges v. Winston.]

debtor to Hodges was fraudulent and void as to the former's creditors was objected to by the defendants, on the ground that the testimony of the witness Thomas Coleman showed the land sued for to have been the homestead of James G. Coleman at the time of the execution of his deed; and this objection was sustained. Assuming that the lands constituted a homestead, this ruling was correct, as the plaintiffs in a simple money judgment, and those claiming under them, have no right to complain of the disposition of homestead property which could not be subjected to their demand. The testimony of the witness Thomas Coleman, as to the judgment-debtor's occupancy and use of the two parcels together, remained wholly uncontroverted. The defendants, in making the objection on the ground mentioned, precluded themselves from contending that the two parcels together did not constitute a homestead. Having obtained a substantial advantage by taking and successfully maintaining the position that the lands in question constituted a homestead, they estopped themselves from claiming, on the same state of evidence, that they were not a homestead. They could not support one position of defense by claiming that the lands constituted a homestead, and at the same time obtain the advantage of another position which involved a denial of the homestead character of the land. A defendant who, for the purpose of maintaining a defense, has deliberately represented a thing in one aspect, can not be permitted to contradict his own representation by giving the same thing another aspect in the same case.—*Caldwell v. Smith*, 77 Ala. 157; *Hill v. Huckabee*, 70 Ala. 183; Herman on Estoppel, (4th Ed.) 687.

James G. Coleman was living on the land as his homestead when he and his wife signed and delivered the deed to the defendant Hodges. Without the separate acknowledgment of the wife, and the certificate thereof as required by the statute, that deed was a nullity.—Code, § 2508. This court, after a full consideration of the question, has decided that, when a deed has been delivered to the parties, and has been accepted for record, or as the complete execution of the instrument, the officer before whom the grantors acknowledged it has no power to alter or add to his certificate, or to make a new certificate, without a re-acknowledgment. *Griffith v. Ventress*, 91 Ala. 366. The reasoning in that case to support the conclusion that the officer taking the acknowledgment is without power, is equally applicable whether the officer, when the alteration or addition, or the new certificate is made, is holding his office under the same election

or appointment under which he held at the time the original acknowledgment was taken, or has gone out of office, or holds office under a new election or appointment.   The evidence in the present case shows that the certificate of the separate acknowledgment of the wife was not made until after the conveyance had been delivered and once recorded, and that it was made without re-acknowledgment, and after the lien of the execution under which the plaintiff purchased had attached.   Without the wife's separate acknowledgment, and the certificate thereof, the deed to the defendant Hodges was a mere nullity when the lien of the execution attached. The evidence showing, without conflict, a judgment against James G. Coleman, the issue of execution thereon, a levy and sale under the writ, and the sheriff's deed to the plaintiff, all in due form, and that at the time of the levy and sale the land had ceased to be the homestead of the defendant in the judgment, and that his attempted conveyance thereof was a mere nullity—the plaintiff was entitled to recover.   If there was error in any of the rulings of the court of which the appellants complain, it was error without injury.   There was no evidence to support any defense.
      Affirmed.