[Kolsky v. Loveman.] ,

## Kolsky v. Loveman.

*Contest of Claim of Exemption.*

97   543
114   412

97   543
138   417

1. *Burden of proof in contest of claim of exemption.*—When the plaintiff institutes a contest of a claim of exemption to goods levied on under attachment, the burden of proof is on him to establish that the property so claimed is not exempt, and if no evidence is introduced, the judgment must be for the defendant.

2. *Estoppel from denial of defendant's title to goods levied on under attachment.*—In a contest of a claim of exemption the plaintiff will not be allowed to allege or prove that the goods levied on were consigned by him to the defendant for sale and are therefore not the property of defendant, when it appears that the attachment was sued out by him to recover the price of the goods.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES B. HEAD.

This was a contest of a claim of exemption to goods levied on under an attachment issued at the instance of Adolph Kolsky against David Loveman.

COLEMAN & GREEN, and PHARES COLEMAN, for appellant. No brief came to the hands of the Reporter.

CABANISS & WEAKLEY, and MORRIS LOVEMAN, for appellee, insisted that the plaintiff, after electing to sue for the price of the goods, could not be allowed to allege that the defendant had no title to them, citing *Crossman v. Rubber Co.*, 13 L. R. A., 91; *Lehman v. Van Winkle*, 92 Ala. 443; *Dowdell v. Empire Co.*, 84 Ala. 316; *Hereford v. Davis*, 102 M. S. 235; *Rhodes v. Smith*, 66 Ala. 176; *Roswald v. Hobbie*, 85 Ala. 76; *Braley v. Clark*, 22 Ala. 361; *Cooper v. Peck*, Ib. 406, and other cases.

McCLELLAN, J.—Kolsky sued out an attachment against Loveman and directed it to be levied on a certain stock of goods. The affidavit upon which the writ issued affirmed that Loveman was indebted to Kolsky in the sum of $1,128.40. After levy the defendant as prescribed by statute claimed

[Kolsky v. Loveman.]

the property as exempted to him. The plaintiff duly instituted a contest of this claim; and, the defendant having failed to give bond and take possession of the property, the plaintiff executed a bond conditioned for the return of the property to the sheriff "if the plaintiff shall fail in the action," that is in the contest of the claim of exemptions, and thereupon took possession of the property under the bond and so held it at the time of the trial.

The only issues which the contest of defendant's claim of exemption could present under the foregoing facts were, first, whether the value of the property levied on was within the thousand dollars limitation of exemption of personalty, and second, whether the defendant had other personalty which together with this exceeded in value one thousand dollars. The *onus* of proof was on the plaintiff. No evidence was offered tending to show either that this property was worth more than one thousand dollars, or that the defendant had other personal property which should be taken into account in determining his right to have this declared exempted to him. On this state of the case there was nothing for the lower court to do but to adjudge that the property levied on was not subject to plaintiff's attachment; and this was the judgment rendered.—Code, §§ 2520-8.

The court properly struck from the affidavit of contest the 2nd ground therein stated which was as follows: "That this claim of exemption is invalid in part in claiming as his (the defendant's) the following personal property levied on, to-wit, the property set forth in list hereto attached marked 'Exhibit A' and made part hereof, and which is set forth in claim of exemption and that the said property is not now, and was not at the time of the commencement of said suit, and was never the property of the said David Loveman or owned by him," and correctly excluded all evidence in support of the facts alleged in said ground, for the reason that the plaintiff for all the purposes of this contest had confessed in a manner which estopped him to allege or prove the contrary that the property in question belonged to the defendant, by suing out the attachment and having it levied upon the property as that of the defendant and by the execution of a bond for its delivery to the sheriff for the defendant in the event it was not found subject to his attachment; and the soundness of the court's rulings in this regard is the more manifest in view of the fact that the effort of plaintiff, after solemnly affirming the property to be that of the defendant, instituting this suit to recover the price of it from him, and seeking to subject it by attachment as the

[Turner, et al. v. White, et al.]

property of the defendant to the payment of a debt alleged to be due him from the defendant, was to show that the property did not belong to the defendant at all, but to himself the said plaintiff, and was in defendant's possession merely on consignment for sale on plaintiff's account. The authorities are uniform to the proposition ·that plaintiff was estopped to question defendant's title to the property. *Lehman, Durr & Co. v. Van Winkle & Co.*, 92 Ala. 443; *Crassmon et al. v. Universal Rubber Co.*, 13 L. A. R. ·9, and authorities collated in note pp. 91-2; Bigelow on Estoppel, pp. 601-604; 6 Amer. & Eng. Encyc. of Law, pp. 250, 254; 7 Amer. & Eng. Encyc. of Law, pp. 2, 32; *Moses Bros. v. Noble's Admr.*, 93 Ala. 593; *Field v. Langsdorf*, 43 Mo. 32; s. c. 97 Am. Dec. 367.

The judgment of the Circuit Court is affirmed.