# Mullins *v.* Baker.

## *Homestead Exemption.*

(Decided June 30, 1915.   69 South. 516.)

1. *Homestead; Abandonment; Removal.*—The evidence examined and stated and held to justify the finding that defendant had abandoned the homestead by removal therefrom.

2. *Same; Establishment; . Occupancy.*—To be exempt as a homestead the premises must be occupied in good faith as a home, rather than as a source of income.

3. *Same; Extent; Separate Tracts.*—Under the evidence in this case it is a question for the jury whether a tract of land owned by the claimant was used as an appurtenance to his homestead, he residing upon another tract.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

W. I. Mullins had judgment against G. M. Baker, with execution thereon, which was levied upon certain lands, with motion for an order of sale of the same. Baker interposed a claim of homestead exemptions thereto, and after a hearing the court directed the jury to find the issues in favor of claimant Baker, and Mullins appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating said court.

SMITH & GERALD, for appellant.

MIDDLETON & REYNOLDS, for appellee.

SAYRE, J.—At the May term, 1914, appellant moved in the circuit court for an order for the sale of defend-

ant's 40-acre tract of land to satisfy a judgment he had recovered before a justice of the peace. Code, § 4683. To the motion appellee opposed a claim of homestead exemption. On the evidence the court instructed the jury to find the contested claim of exemption in favor of appellee.

Unquestionably, appellee had occupied the land in controversy as his homestead prior to 1912. But early in that year he purchased a 20-acre tract one mile away and established his home there. It does not appear that he filed in the office of the judge of probate a declaration of his claim of homestead exemption in the property from which he removed, or any other, for that matter. Every indication of the evidence excludes the idea that he intended to return to the dwelling on the 40-acre tract in question. For the remainder of the year 1912 appellee let the entire 40-acre tract to one Easterling, a tenant, for a rental payable in money. To the same tenant he let the place for a like money rental for the year 1913, reserving, however, 3 or 4 acres which he cultivated. In the fall of 1913, this tenant moved out, leaving the place and the dwelling upon it in possession of his subtenant, Mrs. Mims. Execution was issued by the justice of the peace and levied upon the 40-acre tract on February 12, 1914. For the year current at that time, and at the time of the trial, appellee had "rented" the entire place to the former subtenant, who had remained in possession; appellee furnishing the stock, farming implements, and fertilizer, the "tenant" doing the work, the crop to be equally divided between them. Both places together are worth not more than $2,000.

(1, 2) If the 40-acre tract in question was not occupied as a homestead at the time of the levy or at the

time of the trial, appellant was, of cource, entitled to his order of sale. Appellee could not have two homestead exemptions at the same time, and on the facts stated above it appears plainly enough that he had abandoned his homestead in the 40-acre tract during the years 1912 and 1913.—*Porter v. Harrison,* 124 Ala. 296, 27 South. 302. To be exempt, the premises must be occupied in good faith as a home, rather than as a source of income. The right of homestead is conferred to protect the roof that shelters and the land actually used in connection therewith for the comfort and sustenance of the family, and cannot be converted into a shield of investments in lands from which rents and profits are to be derived.—*Fuller v. American Supply Co.,* 185 Ala. 512, 64 South. 551.

But in *Dicus v. Hall,* 83 Ala. 159, 3 South. 239, it was held that two separate and distinct tracts may be embraced within the same claim of homestead exemption when used in connection with each other for the support and sustenance of the family; the owner living upon one, but cultivating or otherwise using both in common as a homestaead. The exemption, however, in such cases, does not extend to tenements, lots, or farms, actually detached from the home place proper, unless they be appropriated to the personal use of the owner as an appurtenance to the home place—to such uses, for example, as cultivation by the owner, obtaining timber and firewood, and the pasturage of domestic animals. —*Jaffrey v. McGough,* 88 Ala. 648, 7 South. 333.

(3) So, then, the question is whether by his contract with Mrs. Mims for the year 1914 appellee re-established his homestead interest in the 40-acre tract which previously he had abandoned. This contract was not affected by sections 4742 or 4743 of the Code.—*Hendricks*

*v. Clemmons,* 147 Ala. 590, 41 South. 306.   Its mean-
ing and effect are to be determined according to the prin-
ciples of the common law.    The ownership of crops
after they are produced does not necessarily determine
the relation as to the land between the landowner and
the person whose labor produces the crop.   The laborer
may be an employee without interest, or he may be a
tenant holding the land by definite tenure.   To let one
have the use of the land to make a single crop on shares,
without more, is no lease of the land, and the parties
thereby assume the relation of employer and employee,
though they become tenants in common of the crops
produced.—*Thompson v. Mawhinney,* 17 Ala. 362, 52
Am. Dec. 176.   "The relation of landlord and tenant
may exist, notwithstanding the former is, by the terms
of the contract, to receive a portion of the crop in pay-
ment.   If the tenant take an interest in the soil, it is
a lease, by whatever words made, and the payment of
a specific portion of the crop is then simply a payment
of the rent in kind."—*Smyth v. Tankersley,* 20 Ala. 212,
56 Am. Dec. 193.   The facts as to the nature of the con-
tract between appellee and Mrs. Mims were not very fully
or clearly developed.   Appellee's testimony was not con-
sistent throughout.   We do not think it established as
matter of law the fact that Mrs. Mims was an employee
having no estate in the land.   If the contract was one
of hire, in which the laborer was to receive a part of
the crop as compensation for her services, then the jury
might have found that the remote tract was used as an
appurtenant to the home place proper, and so was a
part of the homestead; but if Mrs. Mims was let into
occupancy, and had an exclusive right to the premises
for the year, and was bound to the cultivation of the
crops, one-half of which she was to pay as rent, then the

property was hers for the time, was not used as an appurtenance for the appellee's homestead, and was not exempt.   This issue was for the jury.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.