(76 South. 907)

·ROBINSON et ux. v. FERDON.

(1 Div. 990.)

(Supreme Court of Alabama. June 21, 1917. Rehearing Denied Nov. 22, 1917.)

1. HOMESTEAD ☞195—CLAIM OF HOMESTEAD EXEMPTION—EFFECT—STATUTES.

Under Code 1907, §§ 4170, 4174, relative to homestead exemptions, in a judgment creditor's suit against husband and wife to set aside a fraudulent conveyance, the effect of defendant husband's claim of exemptions, if it is not successfully controverted, is that it must be taken as prima facie correct.

2. HOMESTEAD ☞197—CLAIM OF EXEMPTIONS—CONTEST—ISSUES—STATUTES.

Under Code 1907, §§ 4173, 4175, relative to homestead exemptions, in bill by judgment creditor against husband and wife to set aside as fraudulent a conveyance, contest of husband's claim of homestead exemptions puts in issue material allegations of claim only as specifically indicated.

3. HOMESTEAD ☞197 — CLAIM OF EXEMPTIONS—CONTEST—BURDEN OF PROOF—STATUTE.

Under Code 1907, § 4179, relative to homestead exemptions, in suit by a judgment creditor against husband and wife to set aside a conveyance as fraudulent, on trial of the creditor's contest of the husband's claim of homestead exemptions, the creditor has the burden of proof.

4. HOMESTEAD ☞70—COUNTRY HOMESTEAD—CARVING OUT OF SEVERAL TRACTS.

A homestead situated in the country may consist of 160 acres, and may be carved out of several tracts, if contiguous and so situated and used to admit of such selection.

Appeal from Circuit Court, Mobile County; Thomas H. Smith, Judge.

In Equity. Bill by Clarence B. Ferdon against J. V. Robinson and wife. From a de-cree denying defendant husband's right to a homestead exemption, he appeals. Appeal reversed, and decree rendered, allowing defendant's claim of homestead exemptions.

S. C. Jenkins, of Bay Minette, and D. B. Cobbs, of Mobile, for appellant. Rickarby, Austill & Beebe, of Mobile, for appellee.

THOMAS, J. Appellee, as a judgment creditor, filed a bill against appellant and wife, asking to have set aside as fraudulent a conveyance to certain properties held by Mrs. Robinson. The prayer of the bill was granted, and a sale of the lands was ordered for the satisfaction of the judgment. Before such sale, appellant filed his claim of homestead exemptions. A ·contest thereof was instituted under the statute, and from a decree denying the right to homestead in the 100-acre tract, the appeal is prosecuted.

The lands claimed as exempt as a homestead embraced two tracts not adjacent, but lying about one-half a mile apart. Appellant's claim of exemption was, that both of said tracts were occupied by him and his wife as a homestead, and that they aggregated not more than $2,000 in value; the claim being specifically asserted that the property was exempt to him against the debt evidenced by the judgment, as provided by the statute (section 4174 of the Code).

[1-3] The effect of the claim of exemptions, if it is not successfully controverted, is that it must be taken as prima facie correct. Code, §§ 4170, 4174. The contest puts in issue the material allegations of the claim only as specifically indicated. Code, §§ 4173, 4175. On the trial of the contest the party seeking subjection of the property so claimed as exempt shall be deemed the plaintiff, and upon him shall rest the burden of proof. Code, § 4179; McCrary v. Chase, 71 Ala. 540; Kolsky v. Loveman, 97 Ala. 543, 12 South. 720; Bailey v. Dunlap Merc. Co., 138 Ala. 415, 35 South. 451.

[4] A homestead situated in the country may consist of 160 acres, and may be carved out of several tracts if they are contiguous or are so situate and used as to admit of such selection. Dicus v. Hall, 83 Ala. 159, 3 South. 239; Jaffrey v. McGough, 88 Ala. 648, 651, 7 South. 333; Lyon v. Hardin, 129 Ala. 647, 29 South. 777; Mullins v. Baker, 193 Ala. 594, 596, 69 South. 516. The claim of homestead exemptions avers that both tracts of 137½ acres constituted the homestead of claimant and his wife, and that they were so occupied and used by them. Appellee confined his evidence to the respective values of the two parcels of land, and did not by the evidence controvert the use and occupation of the two tracts as a homestead by claimant and his family.

It is unnecessary to further discuss the evidence. It is sufficient to say that the whole record has been carefully examined,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that we are of the opinion that the chancellor committed error in denying claimant's homestead rights in the 100 acres of land. The preponderance of the evidence was to the effect that both parcels of land claimed as a homestead were situated in the country, and that they were worth not over $2,000, and did not, in area, exceed 160 acres.

The decree of the chancery court is reversed; and a decree is here rendered, allowing the appellant J. V. Robinson's claim of homestead exemptions in and to all the lands described in the bill.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.