(80 South. 866)

PLANTERS' CHEMICAL & OIL CO. v. GRAHAM. (7 Div. 998.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. HOMESTEAD ⊕⟶181½ — ABANDONMENT — JURY QUESTION.

In contest of claim of homestead exemption, where contestee had filed declaration claiming land as homestead as exempt from levy and sale under Code 1907, § 4168, the question of whether he had thereafter abandoned the property as a homestead was under the evidence properly submitted to the jury.

2. HOMESTEAD ⊕⟶195—EXEMPTION CLAIM.

After filing of declaration claiming land as homestead as exempt from levy and sale under Code, § 4168, the claim of exemption is required to be taken and considered as prima facie correct under Code 1907, § 4170.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Contest of claim of homestead exemptions between the Planters' Chemical & Oil Com-

pany and T. L. Graham. Judgment for contestee, and contestant appeals. Affirmed.

The Planters' Chemical & Oil Company had judgment against T. L. Graham with execution which was returned executed. An alias execution was issued on March 5, 1918, and on March 6, 1918, was levied on certain lands as the property of Graham, who filed claim of homestead exemption. The evidence shows that on January 9, 1917, Graham filed in the office of the judge of probate of St. Clair county and had recorded a declaration duly verified by affidavit claiming said land as a homestead as exempt from levy and sale. There was evidence tending to show that for six or seven years prior to the filing of the declaration Graham, with his wife and children, had occupied a dwelling house in the town of Cropwell about three-quarters of a mile from the land in contest, which dwelling house was situated on a lot containing about 1½ acres of ground, all owned by Graham; that on this lot was a storehouse also which was owned by Graham in which he ran a mercantile business; that about the 1st of January, 1917, Graham sold this property in Cropwell for about $2,000, paying $400 on his debts, giving his wife about $800, and keeping the remainder. Evidence further tended to show that in the fall of 1916 Graham rented the land in controversy to one Watson, but the evidence is in conflict as to whether it was a straight lease or a contract of hire. Graham reserved a house on the land, not the main dwelling house, and carried and placed in the house a bed and some other personal effects, and he slept there sometimes at night. Evidence further tended to show that Graham left St. Clair county about April 1, 1917, and went to Birmingham, and after staying there awhile, about two months, he sold out and went to Gulfport, Miss. He left there and came back to Birmingham, sold out again in Birmingham, and returned to Gulfport, Miss., where he remained until about four weeks before the trial of this case. It further appears that the contract with Watson for the land was continued from year to year, and that Watson was in possession at the time of the trial.

M. M. Smith, of Pell City, and W. B. Harrison, of Talladega, for appellant.

N. B. Spears, of Pell City, Embry & Embry, of Ashville, and Smith & McCary, of Birmingham, for appellee.

THOMAS, J. [1] We have examined the evidence and are of opinion that the issue of disputed fact was properly submitted to the jury.

[2] A recent full discussion of the law governing claims of exemption filed under the statute is found in Fuller v. American Supply Co., 185 Ala. 512, 64 South. 549. It is not nec-

essary to repeat the same at this time. After the filing of the declaration under section 4168 of the Code, the claim of exemption therein asserted is required to be taken and considered as prima facie correct. Code, § 4170; Robinson v. Ferdon, 200 Ala. 549, 76 South. 907; Smith v. Smith, 200 Ala. 197, 75 South. 955.

The instant case is different from that of Land & Rentz v. Boykin, 122 Ala. 627, 25 South. 172, where no claim of homestead exemption had been filed in the probate court; and it was held to have been an abandonment of such premises as a homestead and to be thereafter subject to levy and sale. Like question is not presented here.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.