(127 So. 816)

### J. A. SLOAN & CO. v. FIELDS.
### 8 Div. 182.

Supreme Court of Alabama.
April 10, 1930.

Bradshaw & Barnett, of Florence, for appellant.

Mitchell & Hughston, of Florence, for appellee.

ANDERSON, C. J.

The claim of exemptions substantially conformed to the requirements of section 7890 of the Code of 1923, and the trial court did not err in refusing to strike same. It described the property, gave the acreage and value, and recited that it was affiant's "residence and homestead," and, if it was his residence, this was the equivalent of saying he resided on the land. In the case of Blum v. Carter, 63 Ala. 235, the affidavit does not appear, but the opinion indicates that it possessed several infirmities that do not appear in the present claim.

It may be doubtful as to the sufficiency of the contest, it not being made by the plaintiff nor by the attorney for him, but has the appearance of the act of the attorney as an individual; yet we will concede that it is not void for the purpose of deciding the case on the merits.

There can be no question from the evidence as to the land being the appellee's homestead when the levy was made, that is, he actually resided upon the land which was less in area and value than the exemption fixed by law. Consequently, the only theory upon which the same could be subjected to the plaintiff's execution is that defendant did not reside upon the land when the judgment was recorded; that by recording the judgment plaintiff acquired a lien on the property which was not intercepted by the subsequent removal on the land.

It appears from the evidence that at the time plaintiff's lien arose, the appellee, with his family resided upon rented lands about a quarter of a mile from the land involved, that said tract was being improved for the purpose of making it his residence, and that the same was being cultivated by himself and family in connection with and from the rented home.

This court has held that a disconnected tract, not contiguous to the tract upon which the dwelling is located, bona fide and habitually used as a part of it, may, by such use, become impressed with the homestead character notwithstanding its remoteness or separation from the mansion house. Dicus v. Hall, 83 Ala. 159, 3 So. 239; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Jaffrey v. McGough, 88 Ala. 648, 7 So. 333. It has also been held that this rule obtains regardless of the extent or nature of the defendant's title to the land upon which he resides and uses as a homestead, that is, a leasehold or rental interest will suffice, the limitation being that his interest in the two tracts or parcels together may not exceed the exemption either as to value or area. Tyler v. Jewett, 82 Ala. 93, 2 So. 905.

True, the proof in this case failed to show the value of the defendant's rental interest in the land upon which he actually resided or that the two did not exceed the exemption, but the burden was upon the contestant to show that said land was not exempt. When the plaintiff institutes a contest

to a claim of exemption, the burden of proof is on him to establish that the property so claimed is not exempt. Kolsky v. Loveman, 97 Ala. 543, 12 So. 720; Robinson v. Ferdon, 200 Ala. 549, 76 So. 907.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.