185 So. 891

### WARLEY et al. v. PATTERSON.

( Div. 969.

Supreme Court of Alabama.

Jan. 19, 1939.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

Outlaw & Seale, of Mobile, for appellee.

GARDNER, Justice.

Complainants were existing simple contract creditors of the defendant grantor Zavia Lartigue at the time when the deed, upon a voluntary consideration, was executed by him to his wife. There can, therefore, be no serious contention against the sufficiency of the bill as one to set aside the deed as in fraud of creditors. Section 8038, Code of 1923; Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433, and authorities therein cited.

But the bill proceeds to state additional facts which give rise to grounds of demurrer interposed, and which the chancellor sustained.

It is alleged that the property conveyed was owned by defendant grantor when complainants' debt was created, which indebtedness is by open account, and that said defendant grantor on August 13, 1934, had filed in the office of the judge of probate a claim of exemption, embracing this real estate and alleging that it constituted his homestead and was of value less than two thousand dollars. A few days thereafter the deed to his wife was executed disclosing on its face it was a voluntary con-

veyance. The claim of exemption and copy of the deed are made exhibits to the bill.

The further averment is that the said real estate at the time of the filing of the claim of exemption, and at all times since, was worth considerably more than two thousand dollars, and that said grantor has no other property which could be subjected to the payment of their indebtedness.

The prayer of the bill is to have the deed set aside as in fraud of creditors and a sale of the property to the end that the proceeds in excess of $2000 may be appropriated to the payment of complainants' indebtedness.

In brief, the bill is one to annul a fraudulent conveyance and to contest the debtor's exemption claim as to the value of the homestead. The demurrer takes the point, (and it is evident the learned chancellor acted upon that theory) that as no contest had been interposed to the exemption claim as filed, in the manner provided by the statute, the matter was closed and not open for future inquiry, as here sought.

■] This theory is rested upon the provisions of section 7894, Code of 1923. But we are persuaded this statutory provision is without application to the case as here presented. All related sections of the Code indicate that section 7894 has reference to a claim which has become the subject of a suit at law. Illustrative is the language of the succeeding section (7895, Code) as to the method of contest by the "plaintiff," and makes reference to "the officer holding the process."

But here there was no suit begun or pending, no "plaintiff" or "process." Complainants were simple contract creditors, and the statute made no provision for any contest by them when the declaration of exemption was filed.

In Toenes v. Moog, 78 Ala. 558, the Court observed that the statute then in force did not provide all modes for asserting or contesting claims of exemptions, pointing out a number of instances. And in Tonsmere v. Buckland, 88 Ala. 312, 6 So. 904, it was said [page 905]: "The mode of claiming exemptions, and of contesting the same, although intended to be harmonious as far as practicable, is nevertheless somewhat varied, and shaded by the nature of the proceedings or process under which the condemnation is sought. The statutes contain no special provisions for such claim or contest in the chancery court. Nevertheless, the right being clear and of constitutional guaranty, chancery grants relief according to its own peculiar methods."

And the case of Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843, furnishes an apt illustration following in this respect Kennedy v. First National Bank, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308.

■] There is yet no statutory provision for assertion of a claim for homestead exemptions in equity nor for a contest thereof, but our decisions nevertheless disclose that a court of equity, having assumed jurisdiction of a cause, will grant full and appropriate relief in accordance with its own peculiar methods.

■] It is not reasonable to assume that because complainants stood by and refrained from harassing this debtor with a suit on this claim they are to be penalized for their leniency, and the debtor be permitted to profit by the mere filing of an ex parte declaration in the probate office. True, such claim is prima facie correct (Section 7892, Code of 1923; Planters' Chemical & Oil Co. v. Graham, 202 Ala. 482, 80 So. 866), but no contest is provided by statute for such a claim so far as complainants are concerned, and we find no indication therein that as to them the mere filing of the claim is a conclusive bar. The equity court acquired jurisdiction of this cause to set aside the deed as fraudulent and to subject the property to the satisfaction of this indebtedness. "Equity delights to do justice and not by halves." The debtor suffered no injury.

The bill avers the property was worth largely more than $2,000; and the equity court will protect the debtor to the extent of his exemptions and subject only the excess to the payment of his indebtedness.

■ It was not contemplated that a debtor with a most valuable home could, by merely filing an ex parte declaration, deed it to his wife for love and affection, and thereby forever preclude an inquiry as to its value, merely because the creditor had instituted no suit. While our exemption statutes are to be liberally construed, as they serve a beneficent purpose, yet there is nothing in our statute indicating any sanction of the principle that they may be used for the profit of a fraudulent grantor. The debtor is entitled to full protection of his exemption rights, but no more.

We have concluded, therefore, that the demurrer to the bill should have been over-

ruled. It results that the decree is due to be reversed and the cause remanded.

Reversed and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.