**In Noel T. HUGHES and Tracie Hughes, Debtors.**

**No. 04–10061–DHW.**

United States Bankruptcy Court, M.D. Alabama, Northern Division.

March 26, 2004.

684

Michael D. Brock, Enterprise, AL, for Debtors.

Collier H. Espy, Jr., Dothan, AL, trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

DWIGHT H. WILLIAMS, Bankruptcy Judge.

On February 17, 2004, the trustee in this chapter 7 case, Collier H. Espy, Jr., filed an objection to the homestead exemption claimed by the debtor, Tracie Hughes.[1] The matter was set for hearing in Dothan, Alabama on March 10, 2004.

The relevant facts are not in dispute. Tracie Hughes and her husband filed a chapter 7 petition on January 12, 2004. Tracie Hughes disclosed an ownership interest in a one-acre parcel of land located on Coffee County Road 623 near Enterprise, Alabama, which she valued at $5,544 (Schedule A). She claims $5,000 (Schedule C) of that value exempt under the Alabama homestead exemption statute, *Ala. Code* § 6–10–2 (1975).[2]

The debtors actually reside in a mobile home located on land which they lease from a relative. The one-acre parcel claimed exempt by the debtor is contiguous to the leased property, and the debtors use the one-acre parcel for parking their vehicles and as a playground for their children.

The trustee contends that exemption claim is improper because the debtor does not reside on the property claimed exempt.

11 U.S.C. § 522 creates exemptions for debtors who file for relief under title 11. Nevertheless, the statute permits the States to opt out of the federal exemptions and claim only those exemptions permitted by State law. *See* 11 U.S.C. § 522(b). Alabama has done just that. *See Ala. Code* § 6–10–11 (1975). Therefore, state law governs the propriety of this exemption claim.

■ Exemption statutes should be liberally interpreted,[3] especially those involving the homestead: "The law looks with favor on the homestead, and homestead statutes are to be construed liberally in furtherance of the public policy they express." *First Alabama Bank v. Renfro*, 452 So.2d 464, 468 (Ala.1984).[4]

1. The trustee's objection is timely under Fed. R. Bankr.Proc. 4003(b) in that the meeting of creditors in this case was held on February 12, 2004.

2. Section 6–10–2 provides:

The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy and, if he or she leaves surviving him or her a spouse and a minor child, or children, or either, during the life of the surviving spouse and minority of the child, or children, but the area of the homestead shall not be enlarged by reason of any encumbrance thereon or of the char-

acter of the estate or interest owned therein by him or her. When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section and Sections 6–10–38 and 6–10–40, a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead.

3. *In re Avery*, 514 So.2d 1380, 1382 (Ala. 1987).

4. "Homestead laws are based upon a public policy which recognizes the value of securing to the householder a home for himself and family regardless of his financial condition. The preservation of the home is of paramount importance because there the family may be sheltered and preserved." *Renfro*, 452 So.2d at 468.

■ Under Alabama law, both ownership and occupancy are prerequisites to the "rightful claim of a homestead exemption." *Beard v. Johnson*, 87 Ala. 729, 6 So. 383, 383–84 (1889); *Frazier v. Espalla*, 220 Ala. 446, 125 So. 611, 612 (1929); *Blum v. Carter*, 63 Ala. 235 (1879). In the instant case, ownership is not at issue. The only issue is whether the debtor "occupied" the one-acre parcel in question.

■ Protection under the homestead exemption statute is extended to property devoted to "use and occupancy as a home, a dwelling place." *Blum v. Carter*, 63 Ala. 235 (1879). "The Alabama exemption, protecting the interest of a person in his residence, applies because of the *use to which the land is put*, not because of the fixtures on it or the quality of the debtor's interest." *In re Rester*, 46 B.R. 194, 196 (S.D.Ala.1984) (emphasis added).

■ In the instant case, the debtors use the property claimed exempt for homestead purposes—for parking their vehicles and as a playground for their children. There is no evidence of any use of the property inconsistent with homestead purposes.

■ Under Alabama law, the presence of a dwelling house or mobile home on a tract of realty is not necessarily a prerequisite to an allowable homestead exemption claim. In *Greer v. Altoona Warehouse Co.*, 246 Ala. 297, 20 So.2d 513, 515 (Ala.1945) it was held that a tract, separate from the residence, could be claimed under the homestead exemption if such tract were impressed with the character of a homestead by its use and occupation in connection with the residential tract. Similarly, the Alabama Supreme Court has found "that a disconnected tract, not contiguous to the tract upon which the dwelling is located, bona fide and habitually used as a part of it, may, by such use,

become impressed with the homestead character notwithstanding its remoteness or separation from the mansion house." *Sloan v. Fields*, 221 Ala. 54, 127 So. 816 (Ala.1930) (citing *Dicus v. Halls*, 83 Ala. 159, 3 So. 239 (Ala.1887); *Shubert v. Winston*, 95 Ala. 514, 11 So. 200 (Ala.1892); *Jaffrey v. McGough*, 88 Ala. 648, 7 So. 333 (Ala.1890)).

As in the case at bar, the *Sloan* claimant resided on leased property and claimed a homestead exemption in another tract in which he had an ownership interest. Unlike the case at bar, the tract claimed in *Sloan* was not even contiguous with the residential leased property.

■ This authority convinces the court that it is the use to which the land is put more than the presence of a dwelling house and actual physical residence thereon which controls whether a homestead exemption claim is proper. The one-acre tract claimed *sub judice* has been impressed with the character of a homestead by the debtors' bona fide and habitual use of it for homestead purposes. The parking of personal vehicles thereon so as to permit egress and ingress from and to their mobile home and the use of the property as the children's playground are consistent with homestead purposes. The trustee has not alleged that the debtors use the property for anything other than homestead purposes, such as for commercial or investment objectives. Accordingly, it is

ORDERED that the trustee's objection to the claim of Tracie Hughes to a homestead exemption in the above-referenced one-acre tract is OVERRULED.